THE STATE, EX REL. HURT, APPELLANT, *v.* KISTLER, JUDGE, APPELLEE.

[Cite as *State, ex rel. Hurt, v. Kistler* (1992), 63 Ohio St.3d 307.]

(No. 90–2238—Submitted November 5, 1991—Decided March 25, 1992.)

*Randall M. Dana,* Public Defender, *Randall L. Porter, Dale A. Baich* and *Steven R. Layman,* for appellant.

*Jeffrey M. Welbaum,* Prosecuting Attorney, and *Jane Skogstrom,* for appellee John M. Kistler.

*Per Curiam.* It is necessary for us to resolve the apparent inconsistencies in the application of App.R. 9(A), C.P.Sup.R. 10(A), the Criminal Rules, and R.C. 2301.20 to this appeal.

In *State v. DePew* (1988), 38 Ohio St.3d 275, 278, 528 N.E.2d 542, 548, at fn. 1, we stated:

" * * * '[I]n all capital cases the trial proceedings shall include a written transcript of the record made during the trial by stenographic means.' [App.R. 9(A).] Where, as here, there is a conflict between the Appellate Rules and the rules governing the procedure in the common pleas courts, the procedural rule for the trial court will prevail where the conflict relates to trial court procedure. * * * " 1

C.P.Sup.R. 10(A) provides that proceedings may be recorded, *inter alia,* by stenography or by the use of audio recording devices.

R.C. 2301.20 provides:

"Upon the trial of a civil or criminal action in the court of common pleas, if either party to the action or his attorney requests the services of a shorthand reporter, the trial judge shall grant the request, or may order a full report of the testimony or other proceedings. * * * "

---

1. In *DePew, supra,* the appellant complained of the failure of the trial court to require the recording of the proceedings by stenography and pointed out two hundred sixty-one instances in which portions of the record were omitted (gaps occurred) and contended that he was deprived of the complete record to which he was entitled for an effective appeal. The claim was rejected because of appellant's inability to demonstrate that he was prejudiced by the alleged inadequacy of the record. Appellant was unable to point out specific examples where effective review was precluded by the incompleteness of the transcript. Moreover, he took no steps to correct the record (as available under App.R. 9[E] by submitting to the trial court changes which would better preserve his arguments for review). See, also, *State v. Brewer* (1990), 48 Ohio St.3d 50, 60-61, 549 N.E.2d 491, 501-502. Similarly, in the instant case, appellant has shown no prejudice by the court's refusal to record the trial proceedings by stenographic means.

Nonetheless, the Ohio Criminal Rules take precedence over statutes in criminal procedure. (Crim.R. 1[C] and Section 5[B], Article IV, Ohio Constitution.)

Crim.R. 22 provides:

"In serious offense cases all proceedings shall be recorded.

" * * *

"Proceedings may be recorded in shorthand, or stenotype, or by any other adequate mechanical, electronic or video recording device."

The trial court controls procedure during trial. Orderly trial procedure requires that the trial court determine issues raised during the course of trial, and preliminary thereto, to assure fairness to all parties and, in particular, that the transcript of testimony and other proceedings be adequate for purposes of review upon appeal. Based on the discussion above, the Criminal Rules and C.P.Sup.R. 10 authorize the use of stenography *or* other adequate mechanical or electronic devices as the court determines is appropriate.

The trial court addressed relator's motion and made its determination. Relator has not established that respondent failed to perform a duty incumbent upon it.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.