STEINER, Appellant,

v.

STEINER, Appellee.

[Cite as *Steiner v. Steiner* (1993), 85 Ohio App.3d 513.]

Court of Appeals of Ohio,
Scioto County.

No. 92 CA 2080.

Decided March 29, 1993.

514

**516**

*James T. Boulger,* for appellant.

*Mowery, Brown & Blume* and *Steven L. Mowery,* for appellee.

HARSHA, Presiding Judge.

Mollie Ann Steiner appeals from a judgment dismissing her assault and battery complaint against Gary Eugene Steiner for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6). The court also granted appellee's R.C. 2323.51 motion for sanctions.

Appellant assigns the following errors:

"1. The trial court erred to the prejudice of the plaintiff in entering dismissal of the plaintiff's complaint and amended complaint upon the motion to dismiss filed on behalf of the defendant.

"2. The trial court erred to the prejudice of the plaintiff in granting defendant's motion for sanctions under Section 2323.51 of the Revised Code without holding an evidentiary hearing."

On October 17, 1991, appellant filed a complaint which alleged that appellee had committed assault and battery on October 17, 1989 by throwing appellant around and striking her. Appellant sought $100,000 and $250,000 in compensatory and punitive damages, respectively. Appellee was personally served with a copy of the complaint and summons on March 13, 1992. Appellee subsequently filed a Civ.R. 12(B)(6) motion to dismiss the complaint because appellant's claim for relief was barred by the statute of limitations set forth in R.C. 2305.111. Appellee additionally filed a motion for attorney fees pursuant to R.C. 2323.51 for appellant's "frivolous conduct" in filing the complaint.

On April 20, 1992, the trial court ordered that an "oral hearing" be held on both of appellee's motions on May 5, 1992. Notice of the oral hearing was sent to appellant's counsel. On April 27, 1992, appellant filed an amended complaint without prior leave of court. The amended complaint realleged appellant's prior claim of assault and battery which had occurred on October 17, 1989, and additionally alleged a claim of intentional infliction of emotional distress based upon appellee's actions from 1988 through and subsequent to the parties' 1991 divorce. An unsigned note attached to appellant's amended complaint indicated that there had been "[n]o leave granted to amend" and that appellee had filed a "responsive pleading," although appellee never filed an answer to appellant's original complaint. The amended complaint was served on appellee's attorney rather than on appellee himself. Appellee did not respond to the amended complaint in any manner. Appellant filed a memorandum contra the motions to dismiss her original complaint and for sanctions. Upon appellant's motion, the common pleas court continued the scheduled hearing to June 10, 1992.

On June 11, 1992, the court issued a "DECISION AND JUDGMENT ENTRY" which granted appellee's Civ.R. 12(B)(6) motion and dismissed the case. The common pleas court further granted appellee's motion for sanctions pursuant to R.C. 2323.51 and awarded appellee $867.50 in attorney fees from appellant's counsel.[1]

---

1. Appellant subsequently filed a motion to correct the judgment entry pursuant to Civ.R. 60(A) so that it would more clearly reflect that both appellant's original and amended complaints had been dismissed by the court's judgment. The court overruled the motion.

■ A preliminary issue is whether this court has jurisdiction over the appeal, *i.e.*, whether the common pleas court's entry constituted a final order pursuant to R.C. 2505.02 and Civ.R. 54(B). From a review of the record, it appears evident that the common pleas court intended to dismiss appellant's entire action brought under common pleas case number "91–CI–385." The court's entry stated that the "cause is hereby dismissed and the costs herein are assessed to the plaintiff." The court appeared to treat appellant's amended complaint as a nullity, either because it believed that it was filed improperly without prior leave of court or it was not properly served. See discussion below. In other words, the amended complaint, in the court's apparent view, was not properly before it. Based upon the foregoing, we agree that there is no pending, unresolved claim, and the entry appealed from constitutes a final appealable order which dismissed the entire action.

■ Appellant's first assignment of error asserts that the trial court erred in dismissing her original and amended complaints. The common pleas court dismissed the action based upon appellee's Civ.R. 12(B)(6) motion. In order for a court to dismiss a complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *York v. Ohio State Highway Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063, 1064, citing *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 224, 327 N.E.2d 753, 754. In construing a complaint upon a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. *York, supra.* In resolving a Civ.R. 12(B)(6) motion, a court is confined to the averments set forth in the complaint. See, *e.g.*, *State ex rel. Alford v. Willoughby Civ. Serv. Comm.* (1979), 58 Ohio St.2d 221, 223, 12 O.O.3d 229, 230, 390 N.E.2d 782, 784. Appellate review of a ruling on such a motion presents a question of law which we decide independently of the trial court's determination.

■ Appellee's Civ.R. 12(B)(6) motion to dismiss appellant's original complaint was based on the limitations period contained in R.C. 2305.111, which provides that an action for assault and/or battery shall be brought within one year after the cause of action accrues. See, also, *Love v. Port Clinton* (1988), 37 Ohio St.3d 98, 524 N.E.2d 166. Affirmative defenses such as the statute of limitations are generally not properly raised in a Civ.R. 12(B)(6) motion because they usually require reference to materials outside the complaint. Cf., *e.g.*, *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 482, 597 N.E.2d 1137, 1139 (addressing the propriety of raising the affirmative defense of *res judicata* by Civ.R. 12[B][6] dismissal motion). However, an exception to this general rule

exists when the bar of the statute of limitations is obvious from the face of the complaint. See *Hughes v. Robinson Mem. Portage Cty. Hosp.* (1984), 16 Ohio App.3d 80, 82, 16 OBR 85, 86, 474 N.E.2d 638, 640, citing *Mills v. Whitehouse Trucking Co.* (1974), 40 Ohio St.2d 55, 60, 69 O.O.2d 350, 352, 320 N.E.2d 668, 671. In this case, the bar of R.C. 2305.111 was apparent from the face of appellant's original complaint and would have supported dismissal of the initial complaint.

However, appellant contends that her original complaint was no longer before the court when it granted the dismissal motion because of the amended complaint she filed over a month prior to the court's judgment entry. Civ.R. 15(A) provides:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. * * *"

An amended pleading is designed to include matters occurring before the filing of the complaint but either overlooked or not known at the time. *Mork v. Waltco Truck Equip. Co.* (1990), 70 Ohio App.3d 458, 461, 591 N.E.2d 379, 381. An amended pleading substitutes for or replaces the original pleading. 4 Harper, Anderson's Ohio Civil Practice (1987) 528, Section 156.04. There is an absolute right to amend a pleading without leave of court at any time before a responsive pleading is filed. *Newton v. Jones* (1984), 13 Ohio App.3d 449, 13 OBR 539, 469 N.E.2d 962.

The common pleas court's dismissal of the action without treating the amended complaint as being properly substituted for the initial complaint seems to have been based upon either or both of the following grounds: (1) appellee's Civ.R. 12(B)(6) motion constituted a "responsive pleading" as that term is used in Civ.R. 15(A), thus requiring that appellant obtain leave of court prior to filing her amended complaint (this is the position espoused in the handwritten, unsigned note attached to appellant's amended complaint); and (2) appellant's amended complaint could only be substituted for the original complaint if proper service were perfected. Since the amended complaint added a new claim for relief, Civ.R. 4 and 5 required service upon appellee personally and not upon appellee's attorney of record in order to perfect service (this is the view advocated by appellee on appeal).

As one treatise writer notes:

"The time for amendment of course may be extended if an adverse party serves a motion to a pleading rather than a responsive pleading. The question has arisen most frequently in connection with the motion to dismiss for failure to

state a claim for relief, although the situation could come about if any other motion is served in lieu of a responsive pleading. By way of example, plaintiff files his complaint. In lieu of an answer, defendant serves a motion to dismiss for failure to state a claim for relief pursuant to Civ.R. 12(B)(6). Three months later, at the hearing, the motion to dismiss is sustained. Plaintiff may still amend his complaint 'of course.' Reason: a motion is not a responsive pleading; a responsive pleading, i.e., an answer, has not as yet been served." (Footnotes omitted.) Harper, *supra*, at 515, Section 156.02; see, also, 1 Klein, Browne & Murtaugh, Baldwin's Ohio Civil Practice (1992) 67, T 17.01(B)(1)(a); *State ex rel. Millington v. Weir* (Aug. 29, 1978), Franklin App. No. 78AP–359, unreported; 3 Moore's Federal Practice (2 Ed.1990) 15–33–34, Paragraph 15.07[2], stating that motions to dismiss are not considered responsive pleadings for purposes of Fed.R.Civ.P. 15(a), upon which Civ.R. 15(A) was based.

Since appellee's motion to dismiss did not constitute a responsive pleading, appellant had the absolute right to file her amended complaint pursuant to Civ.R. 15(A) without prior leave of court. Consequently, this first possible rationale would not support the common pleas court's dismissal.

Appellee contends that Civ.R. 4 and 5 required the amended complaint to be served upon appellee personally for it to be considered by the court. Civ.R. 5 provides:

"(A) Service: when required.

"Except as otherwise provided in these rules, * * * *every pleading subsequent to the original complaint* unless the court otherwise orders because of numerous defendants * * * *shall be served upon each of the parties.* No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4 through Rule 4.6.

"(B) Service: how made.

"*Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon the attorney* unless service upon the party is ordered by the court. * * * *" (Emphasis added.)

 When service is required to be made upon a party who is represented by an attorney of record, service should be made upon the attorney unless the court expressly orders that it be made upon the party. *Swander Ditch Landowners' Assn. v. Joint Bd. of Huron & Seneca Cty. Commrs.* (1990), 51 Ohio St.3d 131, 554 N.E.2d 1324, syllabus. The reasoning behind this requirement is that an attorney of record is in a better position to understand the legal import of any documents required to be served on his or her client and the nature of the

action to be taken. *Id.* at 134, 554 N.E.2d at 1327. Appellee appears to rely on the last sentence of Civ.R. 5(A), which requires personal service upon each defendant pursuant to Civ.R. 4 through 4.6 whenever amended pleadings which assert new or additional claims for relief are filed against "parties in default for failure to appear." However, that sentence is inapplicable here, as appellee was *not* in default, since he had entered an "appearance" through his attorney's Civ.R. 12(B)(6) motion to dismiss.

As aptly noted by appellant, this issue has been discussed by one treatise analyzing the analogous federal provisions:

"But what if the party to be served has appeared? The language of Rule 5(a) requiring service of new or additional claims on a party in default for failure to appear might be read to imply that pleadings asserting new or additional claims for relief need only be served on the attorney of a party who has appeared. Service on the attorney in this context is consistent with the basic theory of Rule 5 that service of papers on the attorney, rather than the party, will expedite the adjudication of the case on the merits and, at the same time, constitute sufficient notice to the party to comply with the requirements of due process. In a case in which the amended pleading contains a claim or claims that are related to those set out in the original complaint, it seems fair to permit it to be served on the party's attorney. Nonetheless, the court should dispense with the presumption that service on the attorney gives adequate notice to the litigant and should direct personal service on the party pursuant to Rule 4: (1) if service on the attorney is not likely to insure that the party against whom the pleading is asserted will receive notice of any new or additional claims contained in the amended pleading or (2) if the new claims are radically different from those set out in the original pleading." (Footnotes omitted.) 4A Wright & Miller, Federal Practice and Procedure (1987) 424–425, Section 1146.[2]

This interpretation is consistent with an Ohio treatise's view on the subject:

"The party amending as a matter of course merely prepares an amended pleading, serves it on the attorney of the opposing party pursuant to Civ.R. 5 and files a copy of the amended pleading with the clerk pursuant to Civ.R. 5. The amended pleading so filed should have endorsed upon it proof that the amended pleading was served on the opposite party." 4 Harper, Anderson's Ohio Civil Practice (1987) 527, Section 156.04; see, also, *Cohn v. Columbia Pictures Corp.*

---

2. Based upon the treatise rationale, even if it could be contended that appellant's new claim in her amended complaint of intentional infliction of emotional distress was "radically different" from her assault and battery claim, it was incumbent upon the trial court to direct personal service on appellee if it thought that it was appropriate. The common pleas court never ordered such service.

(S.D.N.Y.1949), 9 F.R.D. 204; cf. *Dysart v. Marriott Corp.* (E.D.Pa.1984), 103 F.R.D. 15.

Appellee relies upon, *inter alia, Beckham v. Grand Affair of N.C., Inc.* (W.D.N.C.1987), 671 F.Supp. 415, and *Internatl. Controls Corp. v. Vesco* (C.A.2, 1977), 556 F.2d 665, in support of his contention that the dismissal of the action was proper since the amended complaint was never personally served on him. However, *Vesco* involved an amended complaint that was to be served on a defendant who had failed to appear. *Beckham* involved service of an amended complaint on an attorney who was not the attorney of record, *i.e.,* there had been no "appearance" by the defendant at the time of the plaintiff's attempted service. See *Ervin v. Patrons Mut. Ins. Co.* (1985), 20 Ohio St.3d 8, 20 OBR 80, 484 N.E.2d 695, syllabus (for purposes of Civ.R. 5[B], in order that service be effective on a party by serving that party's attorney, the attorney must be an attorney of record in the trial court). Accordingly, we find these cases inapposite to the case at bar.

Based upon the foregoing authorities, we hold that appellant's amended complaint, which was served upon appellee's counsel and filed prior to the common pleas court's judgment entry of dismissal, was properly before the court pursuant to Civ.R. 5 and 15(A).

We conclude that appellant's amended complaint, to the extent that it merely reiterated the assault and battery claim of her original complaint, was correctly dismissed because of the one-year statute of limitations apparent on the face of both her original and amended pleadings. R.C. 2305.111; *Hughes* and *Mills, supra.* However, appellant's amended complaint also raised the additional claim of intentional infliction of emotional distress. The statute of limitations for intentional infliction of emotional distress is four years. See R.C. 2305.09(D); *Lawyers Cooperative Publishing Co. v. Muething* (1992), 65 Ohio St.3d 273, 280, 603 N.E.2d 969. Appellee did not assert below and does not contend on appeal that appellant's intentional infliction of emotional distress claim was barred by any limitations provision. Consequently, the common pleas court erred in dismissing appellant's claim for intentional infliction of emotional distress. Appellant's first assignment of error is sustained in part and overruled in part.

Appellant's second assignment of error asserts that the trial court erred in granting appellee's motion for sanctions pursuant to R.C. 2323.51 without holding an evidentiary hearing on the motion. R.C. 2323.51 provides:

"(B)(1) Subject to divisions (B)(2) and (3), (C), and (D) of this section, at any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action, the court may award reasonable

attorney's fees to any party to that action adversely affected by frivolous conduct. The award may be assessed as provided in division (B)(4) of this section.

*"(2) An award of reasonable attorney's fees may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action, but only after the court does all of the following:*

*"(a) Sets a date for a hearing to determine whether particular conduct was frivolous,* to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;

"(b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party allegedly adversely affected by frivolous conduct;

*"(c) Conducts the hearing described in division (B)(2)(a) of this section, allows the parties and counsel of record involved to present any relevant evidence at the hearing,* including evidence of the type described in division (B)(5) of this section, determines that the conduct in question was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made." (Emphasis added.)

R.C. 2323.51 provides that the trial court may award attorney fees only after conducting a hearing that allows the parties to present evidence in support or opposition to such award; it is essential that the trial court conduct a hearing in order to make a factual determination of whether there existed frivolous conduct and whether the party bringing the motion was adversely affected by such conduct. *Shaffer v. Mease* (1991), 66 Ohio App.3d 400, 409, 584 N.E.2d 77, 83, citing *Dreger v. Bundas* (Nov. 15, 1990), Cuyahoga App. No. 57839, unreported, 1990 WL 178193. Although this court has noted a split of authority among appellate districts as to the necessity of holding hearings pursuant to R.C. 2323.51(B)(2) where the trial court *overrules* the motion for sanctions, see *State ex rel. Ward v. Lion's Den* (Nov. 25, 1992), Ross App. No. 1867, unreported, at 6–9, 1992 WL 487197, and cases cited therein, there appears to be unanimity among courts as to the requirement of evidentiary hearings where the trial court grants the motion. *Id.*

Nevertheless, it is not clear from the record that the court failed to conduct such a hearing. Appellee asserts that appellant was "given a full opportunity to contest such motion and present any evidentiary material to the court" but failed to present any evidence. The trial court gave notice of an "oral hearing" on appellee's motion for sanctions. Moreover, the court's June 11, 1992 judgment entry stated that it came to be "heard upon the Motion of the defendant's counsel to allow award of reasonable attorney fees pursuant to Ohio Revised Code

Section 2323.51." Appellant claims that only an in-chambers conference was held on June 10, 1992.

Where a transcript of any proceeding is necessary to the disposition of any question on appeal, the appellant bears the burden of taking the steps required to have the transcript prepared for inclusion in the record. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 19, 520 N.E.2d 564, 565, citing *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384. Here, appellant requested a transcript of all proceedings, but none is included in the record. Appellant claims that the court reporter advised him that there were no record hearings to transcribe. However, there is no evidence that appellant requested the recordation of the June 10, 1992 proceeding pursuant to R.C. 2301.20 and C.P.Sup.R. 10. Cf. Crim.R. 22, which requires recordation of certain criminal proceedings even absent any request; see, also, *State ex rel. Hurt v. Kistler* (1992), 63 Ohio St.3d 307, 587 N.E.2d 298; *Rose Chevrolet, supra.* Additionally, appellant's counsel failed to invoke the procedures of App.R. 9(C) or 9(E) to reconstruct what transpired at the June 10, 1992 proceeding, and therefore waived any error. *State v. Brewer* (1990), 48 Ohio St.3d 50, 61, 549 N.E.2d 491, 502.

In the absence of a transcript of the June 10, 1992 proceeding, I would presume that the trial court conducted the required evidentiary hearing and afforded appellant the opportunity to present evidence. See, *e.g., Knapp, supra,* 61 Ohio St.2d at 199, 15 O.O.3d at 219, 400 N.E.2d at 385; *Baker v. Cuyahoga Cty. Court of Common Pleas* (1989), 61 Ohio App.3d 59, 62, 572 N.E.2d 155, 157; cf. *Palmer v. Kaiser Found. Health* (1991), 64 Ohio App.3d 140, 580 N.E.2d 849. However, in light of the partial dissents of my colleagues, the majority of this court sustains the second assignment of error.

Accordingly, in that we have sustained part of appellant's first assignment of error, the judgment of dismissal is reversed as to appellant's claim for intentional infliction of emotional distress and remanded for further proceedings consistent with this opinion. Furthermore, the majority of the court having sustained the second assignment of error, the award of attorney fees is also reversed.

*Judgment affirmed in part
and reversed in part.*

GREY and STEPHENSON, JJ., concur in part and dissent in part.

GREY, Judge, concurring in part and dissenting in part.

I concur in part and respectfully dissent in part. I concur with the majority opinion that this case must be reversed and remanded for a consideration of the amended complaint.

I would, however, also reverse on the issue of attorney fees. While I agree that the record itself is not adequate, it seems our decision may be inconsistent. We have remanded the case to the trial court on the grounds that the amended complaint ought not to have been dismissed under Civ.R. 12(B). However, the trial court found the matter to be frivolous, no doubt in part because it did not consider the amended complaint. Perhaps on review of the amended complaint, the court will find that dismissal under Civ.R. 12(B) is not proper and that the amended complaint does state a cause of action. Thus, we would have the rather anomalous result of a party being successful on appeal, having filed a valid amended complaint, and still having to pay attorney fees awarded to the other party.

It would be far better, in my opinion, to also reverse the award of attorney fees at this time, and to give the trial court the opportunity to also reconsider all aspects of that issue, including whether appellee has incurred greater costs as a result of our decision, when it reviews the amended complaint.

Thus, I concur in part and dissent in part.

STEPHENSON, Judge, concurring in part and dissenting in part.

I concur in the principal opinion and judgment insofar as it concerns the first assignment of error. However, for those reasons set forth in Judge Grey's opinion, I respectfully dissent from that portion which affirms the award of attorney fees.