ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
In this accelerated appeal, Appellants Safe Auto Insurance Company and Michael Williams appeal a decision by the trial court dismissing their property damage action against Appellee Paul Linehan as barred by the statute of limitations. Safe Auto and Williams assign the following error for our review:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING DEFENDANT'S MOTION TO DISMISS BASED UPON THE STATUTE OF LIMITATIONS WITHOUT AFFORDING PLAINTIFF AN OPPORTUNITY TO SHOW DEFENDANT WAS OUT OF THE STATE PURSUANT TO O.R.C. § 2305.15.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
In March of 1998, Safe Auto and Williams filed an action against Paul Linehan for property damage to Williams' car caused by a traffic accident that occurred on June 5, 1997. The action was voluntarily dismissed under Civ.R. 41(A)(1) on April 1, 1999. The action was refiled on June 30, 1999.
Linehan filed a motion to dismiss the complaint as barred by the two year statute of limitations set forth in R.C. 2305.10. Linehan argued that the statute of limitations for claims arising out of the accident expired on June 5, 1999 and that since Safe Auto and Williams did not refile the action until after that date, their claim must be dismissed. Linehan contended that the savings statute (R.C. 2305.19) did not apply to their claim. Linehan argued that, by its terms, the statute only applies in cases where the dismissal occurs after the expiration of the statute of limitations.
In response, State Auto and Williams argued that they could prove that Linehan had been out of the state during the time period of the statute of limitations and that his absence tolled the statutory period pursuant to R.C. 2305.15.
R.C. 2305.15 provides:
 When a cause of action accrues against a person, if he is out of the state, has absconded, or conceals himself, the period of limitation for the commencement of the action * * * does not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, absconds, or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought.
State Auto and Williams argued that, on his motion to dismiss for failure to state a claim, Linehan bore the burden of proving that State Auto and Williams could prove no facts to entitling it to recovery. They argued the trial court's decision to dismiss the case was erroneous because Linehan failed to demonstrate that he did not leave the state during the statutory period.
We conclude that the trial court properly dismissed State Auto's complaint. In order to fall within the provisions of R.C.2305.15, State Auto bears the burden of demonstrating that Linehan left the state of Ohio and how long he was away. See Fiorello v. Kacsmarik (July 24, 1997), Cuyahoga App. No. 71756, unreported, citing Wright v. Univ. Hosp. Of Cleveland (1989), 55 Ohio App.3d 227,232, jurisdictional motions overruled (1989), 43 Ohio St.3d 712,541 N.E.2d 77 and Conway v. Smith (1979), 66 Ohio App.2d 65,70, 419 N.E.2d 1117, 1120. Though State Auto argues it could produce evidence that Linehan had left the state, no such evidence was set forth in the complaint.
 Ordinarily, a defense that an action is barred by the statute of limitations cannot be raised by a motion to dismiss; such a defense usually relies on facts outside the complaint and must be addressed by summary judgment. Steiner v. Steiner (1993), 85 Ohio App.3d 513, 518, 620 N.E.2d 152, 156. However, if the complaint on its face shows that the claim is barred by the statute of limitations, a motion to dismiss may be appropriate.
Warstler v. Hein (May 6, 1999), Cuyahoga App. No. 74078, unreported, discretionary appeal not allowed (1999), 86 Ohio St.3d 1467,715 N.E.2d 569. See, also Kotyk v. Rebovich (1993), 87 Ohio App.3d 116,119, 621 N.E.2d 897, 899; Steiner v. Steiner (1993),85 Ohio App.3d 513, 518-519, 620 N.E.2d 152, 156. (When the bar of the statute of limitations is apparent from the face of the complaint, a trial court may properly grant a motion to dismiss the complaint.) As we pointed out in Fiorello, when reviewing the trial court's ruling on the motion to dismiss, we are confined to the allegations contained in the complaint. In this case, the complaint was filed more than two years after the accident and failed to set forth any evidence to indicate that R.C. 2305.15 was applicable. Accordingly, the trial court properly dismissed the complaint.
The constitutionality of R.C. 2305.15 was challenged in Bendix Autolite Corp. v. Midwesco Ent., Inc. (1988), 486 U.S. 888,108 S.Ct. 2218, 100 L.Ed.2d 897. In Bendix, the U.S. Supreme Court ruled that R.C. 2305.15 violated the Commerce Clause as applied to foreign corporations because it denied them the opportunity to assert the statute of limitations as a defense. The Bendix court wrote that R.C. 2305.15 operated to toll the statute of limitations during the time period that the defendant was not "present" in the state of Ohio. Because a foreign corporation that was not registered in the state of Ohio and had no corporate office there was not "present" in the state of Ohio, it could not raise the statute of limitations as a defense.
 The Ohio statute of limitations is tolled only for those foreign corporations that do not subject themselves to the general jurisdiction of Ohio courts. In this manner the Ohio statute imposes a greater burden on out-of-state companies than it does on Ohio companies, subjecting the activities of foreign and domestic corporations to inconsistent regulations.
Id. at 894, 108 S.Ct. at 2222, 100 L.Ed.2d at 904.
The Bendix court held that, under the statute, a foreign corporation who wished to preserve its right to assert the statute of limitations as a defense would have to appoint a resident agent for service of process in Ohio and would consequently subject itself to Ohio's general jurisdiction even in transactions where there were insufficient minimum contacts with Ohio to support personal jurisdiction. Id. at 892, 108 S.Ct. at 2221,100 L.Ed.2d at 902-903.
 Where a State denies ordinary legal defenses or like privileges to out-of-state persons or corporations engaged in commerce, the state law will be reviewed under the Commerce Clause to determine whether the denial is discriminatory on its face or an impermissible burden on commerce. The State may not condition the exercise of the defense on the waiver or relinquishment of rights that the foreign corporation would otherwise retain.
Id. at 893, 108 S.Ct. at 2222, 100 L.Ed.2d at 903-904.
In the wake of Bendix, Ohio jurisdictions have split as to the continued applicability of R.C. 2305.15. This court has recognized an exception to the Bendix rule and held R.C. 2305.15 applicable in cases where it is shown that the defendant has intentionally absconded or concealed himself to avoid service of process. See Gardner v. Gleydura (Jan. 16, 1997), Cuyahoga App. No. 69791, unreported, appeal dismissed (1997), 78 Ohio St.3d 1491,678 N.E.2d 1228; Stutz v. Grigsby (May 14, 1993), Lucas App. No. L-92-335, unreported. Several other jurisdictions have continued to hold R.C. 2305.15 applicable to cases where the defendant's departure from the state is motivated by any reason unrelated to interstate commerce. See, e.g., Johnson v. Rhodes (Jul. 23, 1999), Washington App. No. 98CA26, unreported, discretionary appeal allowed (1999),87 Ohio St.3d 1478, 721 N.E.2d 122. The Ohio Supreme Court has not yet resolved this conflict.[1]
In this case, State Auto did not allege that Linehan left the state of Ohio or concealed himself in an effort to avoid service of process. Because State Auto presented no evidence of such a motive, the trial court's dismissal of the complaint was proper in light of the previous decisions of this court. See Gardner and Warstler. Safe Auto and Williams' assignment of error is overruled.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ PATRICIA ANN BLACKMON, JUDGE
ANN DYKE, A.J., and LEO M. SPELLACY, J., CONCUR.
[1] In Johnson v. Rhodes (1999), 87 Ohio St.3d 1477,721 N.E.2d 122, the Ohio Supreme Court certified a conflict and agreed to resolve the issue of whether, under R.C. 2305.15, the statute of limitations is tolled when a person is temporarily out of the state for other than business reasons.