JOURNAL ENTRY AND OPINION
Plaintiff-appellant Yuriko Kawaguchi appeals from the trial court's dismissal of a portion of her complaint against defendant-appellee Honorable Patricia Cleary for lack of subject matter jurisdiction.On November 5, 1998, appellant filed a case against appellee in Cuyahoga County Common Pleas Court alleging in part that Cleary deprived her of her civil rights by taking actions which were not within Cleary's judicial capacity.
The facts of this case are long and convoluted. For our purposes here, we need only look at the procedural facts.
The appellant's complaint was filed on November 5, 1998. Cleary filed a motion to dismiss on November 27, 1998. On December 15, 1998, appellant filed an amended complaint with leave of court. Cleary never renewed her motion to dismiss in response to the amended complaint, although she did file a reply brief to appellant's February 9, 1999 brief in opposition to the motion. Meanwhile, Cleary's co-defendants also filed motions to dismiss after the amended complaint was filed. On March 31, 1999, the trial court partially granted Cleary's motion to dismiss.
The trial court's judgment entry stated in part, [t]his is a ruling on the pending motions of defendants Cuyahoga County Board of Commissioners and Cleary to dismiss the amended complaint. The docket shows that Cleary never renewed her motion to dismiss against the amended complaint.
An amended pleading substitutes for or replaces the original pleading. Patlen v. Gardner (Aug. 15, 1996), Cuyahoga App. No. 70090, unreported, 1996 Ohio App. LEXIS 3458, at *4, quoting Steiner v. Steiner (1993),85 Ohio App.3d 513, 519. Howard v. Weir (Aug. 29, 1978), Franklin App. No. 78AP-359, unreported, 1978 Ohio App. LEXIS 8296. Because she never filed a motion to dismiss after the amended complaint was filed,[1]
Cleary did not have a valid motion existing at the time the trial court issued its ruling. Because the court cannot rule on a motion which is not validly before it, there is no final appealable order for the appellate court to review.
Case dismissed.
It is ordered that appellees recover of appellant their costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, A.J.:
JAMES J. SWEENEY, J., CONCURS; TIMOTHY E. McMONAGLE, J., CONCURS IN JUDGMENT ONLY.
[1] Although Cleary later filed another motion to dismiss which the court denied, that subsequent motion has no bearing on the case at hand.