OPINION
{¶ 1} Plaintiffs-appellants Homer Lee and Lucy Ann Mercer appeal from the February 15, 2002, Judgment Entry of the Stark County Court of Common Pleas denying their Motion for Class Certification.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On or about February 8, 1999, appellant Homer Lee purchased a used 1998 Chrysler Sebring from an authorized Chrysler dealer in Stark County, Ohio. Appellant Lucy Ann Mercer purchased a used 1997 Plymouth Voyager from an authorized Chrysler dealer in Cuyahoga County, Ohio, on or about May 3, 1998.
 {¶ 3} Thereafter, on August 6, 2001, appellants filed a complaint against appellees Chrysler Corporation and DaimlerChrysler Corporation in the Stark County Court of Common Pleas. Appellants, in their complaint, alleged that they had been sold lemon automobiles that had been bought back by appellee Chrysler and then resold to appellees and that appellee Chrysler had failed to provide them with disclosure notices as required under Ohio law. Appellants specifically stated in their complaint, as follows:
 {¶ 4} "8. At all relevant times, R.C. 1345.76(A)(2) has placed Chrysler under a strict liability duty to take all steps necessary to assure that every Ohio consumer considering the purchase or leasing of a buyback lemon first receives a written warning on a separate piece of paper, printed in at least ten-point type with all capital letters, delivered prior to obtaining the consumer's signature on any document.
 {¶ 5} "9. Prior to September 15, 1999, that disclosure had to substantially contain the following language:
 {¶ 6} "IMPORTANT: THIS VEHICLE WAS RETURNED TO THE MANUFACTURER BECAUSE IT DID NOT CONFORM TO THE MANUFACTURER'S EXPRESS WARRANTY AND THE NONCONFORMITY WAS NOT CURED WITHIN A REASONABLE AMOUNT OF TIME AS PROVIDED BY OHIO LAW.
 {¶ 7} "10. Similarly, R.C. 1345.76 required Chrysler to assure that each Ohio consumer who decided thereafter to make the purchase or lease receive a free manufacturer's warranty with the same coverage as the vehicle's original warranty and for at least a 12 month/12,000 mile term.
 {¶ 8} "11. Moreover, Chrysler must maintain and comply with all procedures needed to strictly prevent the sale or lease in Ohio of any buyback lemon reacquired because of a nonconformity of a nature likely to cause death or a serious bodily injury, if driven.
 {¶ 9} "12. Effective September 15, 1999, the General Assembly amended R.C. 1345.76 to require that Chrysler's standardized disposal and resale practices assure even greater protection for Ohio consumers by expressly listing each non-conformity contributing to the buyback in the initial disclosure and mandating that every buyback lemon sold or leased in Ohio first be specifically titled as a buyback lemon vehicle."
 {¶ 10} Appellants, in their complaint, maintained that appellees had failed to comply with their duties under R.C. 1345.76 in "the sale or lease of buyback lemons to Ohio consumers." In addition to violations of Ohio's Lemon Law Act, the complaint asserted claims of common law fraud and negligence and violations of Ohio's Consumer Sales Practices Act.
 {¶ 11} In their complaint, appellants sought to represent a putative class and subclass. Pursuant to the complaint, the class was defined as:
 {¶ 12} ". . . all consumers (as defined in R.C. Sec. 1345.71) to whom a Chrysler buyback lemon was or will be sold or leased in Ohio on or after August 1, 1995 under standardized disposal and resale practices and procedures inadequate to prevent resales or re-leases in violation of R.C. Sec. 1345.76, as amended." (Emphasis added). In turn, the subclass was defined in the complaint as "all such persons to whom a buyback lemon was therefore resold or re-leased other than in strict compliance with R. C. Sec. 1345.76, as amended."
 {¶ 13} In conjunction with their complaint, appellants also filed, on August 6, 2001, a Motion for Class Certification asking the trial court to certify the same class and subclass as set forth in their complaint. The motion used the same language to describe the class and subclass as was used in the complaint, but the motion did not specifically say that this class and subclass were the ones mentioned in the complaint.
 {¶ 14} Thereafter, on September 6, 2001, appellees filed a "State Court Notice of Removal" indicating that they had removed the case to the United States District Court, Northern District of Ohio, Akron Division, based on diversity of citizenship. As memorialized in an order filed on December 24, 2001, the federal court remanded the case to the trial court stating, in part, as follows:
 {¶ 15} "Because DaimlerChrysler has not shown by a preponderance of the evidence that the amount in controversy is over $75,000 for either plaintiff or for both plaintiffs taken together, and because certification of the proposed class and subclass (an issue that will ultimately be resolved by the state court judge) is, at best, remote, Plaintiff's Motion for Remand (ECF No. 14) is hereby granted.
 {¶ 16} Subsequently, a First Amended Complaint was filed by appellants on January 22, 2002. Appellants, in their amended complaint, dropped the allegations of a subclass. In addition, appellants modified the class definition to the following:
 {¶ 17} ". . . The class is composed of all consumers (as defined in R.C. Sec. 1345.71) to whom a Chrysler buyback lemon was or will be sold or leased in Ohio on or after August 1, 1995 under Chrysler's standardized disposal and resale practices and procedures at issue." Appellants, in their prayer for relief, specifically asked the trial court to "[c]ertify the plaintiff class as defined, . . ." However, appellants did not file a new Motion for Class Certification based on the proposed class definition set forth in the First Amended Complaint.
 {¶ 18} In response, appellees, on February 1, 2002, filed a motion requesting leave to file an answer to appellants' amended complaint. Pursuant to a Journal Entry filed on February 4, 2002, the trial court granted appellees until February 19, 2002, to file an answer.
 {¶ 19} As memorialized in a Judgment Entry filed on February 15, 2002, the trial court denied appellants' Motion for Class Certification. The trial court, in its entry, specifically held, in part, as follows:
 {¶ 20} "Plaintiffs move the Court to certify a plaintiff class composed of all consumers (as defined in R.C. Sec. 1345.71) to whom a Daimler/Chrysler buyback lemon was or will be sold or leased in Ohio on or after August 1, 1995, under standardized disposal and resale practices and procedures inadequate to prevent resale or re-lease in violation of R.C. Sec. 1345.76, as amended. Plaintiffs also request certification pursuant to Rule 23(b)(3) of a subclass thereof, defined as all such persons to whom a buyback lemon was resold or re-leased other than in strict compliance with R.C. 1345.76, as amended.
 {¶ 21} "The Plaintiffs have filed their Motion for Class Certification based upon the above, however, Plaintiffs both purchased their vehicles prior to the enactment of the amended version of R.C. Sec. 1345.76. Therefore, the Plaintiffs seek to certify a class of which they are not members.
 {¶ 22} "Civ.R. 23(A) provides:
 {¶ 23} "(A) Prerequisites to a class action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
 {¶ 24} "Because the Plaintiff's claims do present questions of fact that are common to the class and the Plaintiff's claims are not typical of the claims of the class which they seek to certify, as required by Civ.R. 23(A), the Court denies Plaintiffs' Motion for Class Certification."
 {¶ 25} It is from the trial court's February 15, 2002, Judgment Entry[1] that appellants now appeal, raising the following assignments of error:
 {¶ 26} "I. THE TRIAL COURT USED THE WRONG LEGAL STANDARD AND MISAPPLIED THE CORRECT LEGAL STANDARDS TO UNCONTROVERTED FACTS IN DENYING CLASS CERTIFICATION BASED UPON A MISREADING OF THE PROPOSED DEFINITION AND A RESULTING LACK OF TYPICALITY.
 {¶ 27} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING CERTIFICATION DUE TO ASSERTED DEFECTS IN A PROPOSED DEFINITION, WHERE THAT DEFINITION WAS MOOT DUE TO AN AMENDMENT BY RIGHT UNDER RULE 15(A) BEFORE THE TRIAL COURT'S RULING, WHERE THE TRIAL COURT FAILED TO ANALYZE THE SUBSTITUTED DEFINITION UNDER THE STANDARDS REQUIRED BY HAMILTON V. OHIO SAVINGS BANK (1998), 82 OHIO St.3d 67.
 {¶ 28} "III. A TRIAL COURT ERRS AS A MATTER OF LAW, VIOLATES DUE PROCESS, AND ABUSES ITS DISCRETION WHEN IT DENIES CLASS CERTIFICATION FOR ASSERTED DEFECTS IN A PROPOSED CLASS DEFINITION WITHOUT FIRST AFFORDING MOVANTS AN OPPORTUNITY TO CURE THE PLEADING DEFECT."
 {¶ 29} For purposes of brevity, we shall address appellants' assignments of error out of sequence.
 II {¶ 30} Appellants, in their second assignment of error, argue that the trial court erred in denying their Motion for Class Certification. Appellants specifically assert that the trial court erred in denying certification "due to asserted defects in a proposed definition, where the definition was moot due to an amendment by right under Rule 15(A) before the trial court's ruling, . . ."
 {¶ 31} A trial court has broad discretion in determining whether a class action may be maintained. Planned Parenthood Ass'n of Cincinnati,Inc. v. Project Jericho (1990), 52 Ohio St.3d 56, 62., 556 N.E.2d 157. We will not disturb that determination, absent an abuse of discretion. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 32} However, the trial court's discretion in deciding whether to certify a class action is bounded by, and must be exercised within the framework of Civ.R. 23. Hamilton v. Ohio Sav. Bank, 82 Ohio St.3d 67,70, 1998-Ohio-365, 694 N.E.2d 442. Before an action may be certified as a class action, the following seven requirements must be met:
 {¶ 33} "(1) An identifiable class must exist and the definition of the class must be unambiguous;
 {¶ 34} "(2) The named representatives must be members of the class;
 {¶ 35} "(3) The class must be so numerous that joinder of all the members is impracticable;
 {¶ 36} "(4) There must be questions of law or fact common to the class;
 {¶ 37} "(5) The claims or defenses of the representative parties must be typical of the claims or defenses of the class;
 {¶ 38} "(6) The representative parties must fairly and adequately protect the interests of the class; and
 {¶ 39} "(7) One of the three Civ.R. 23(B) requirements must be met. Id. at 71, citing Civ.R. 23(A) and (B). "[T]he [trial] court must find, by a preponderance of the evidence, that all the Rule 23 requirements are met." Warner v. Waste Mgt., Inc. (1988), 36 Ohio St.3d 91,94, 521 N.E.2d 1091. "The burden of proving each of the requisite elements of Rule 23 is on the party seeking certification, and failure to prove any element precludes certification." Ansari v. New York Univ. (S.D.N.Y. 1998), 179 F.R.D. 112, 114.
 {¶ 40} As is stated above, the trial court, in its February 15, 2002, Judgment Entry, denied appellants' Motion for Class Certification on two grounds. First, the trial court found that appellants, who had purchased their vehicles in February of 1999 and May of 1998, which was prior to the enactment of the amended version of R.C. 1345.76 in September of 1999, were seeking to certify a class of which they were not members. Secondly, the trial court denied appellants' Motion for Class Certification on the basis that "Plaintiffs' claims are not typical of the class which they seek to certify, as required by Civ.R. 23(A)." The trial court, in so stating, likely found that since appellants' claims were covered by the earlier version of R.C. 1345.76, their claims were not typical of those of the purported class, whose claims could potentially be covered by the later, amended version of the statute.
 {¶ 41} However, in so ruling, it is apparent that the trial court did not consider the class definition contained in appellants' First Amended Complaint. As is stated above, appellants, on January 22, 2002, filed their First Amended Complaint. In such complaint, appellants asked the trial court to "[c]ertify the plaintiff class as defined, . . ." Appellants' complaint was filed in accordance with Civ.R. 15(A), which states, in part, as follows:
 {¶ 42} "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served." An amended complaint "substitutes for or replaces the original pleading." Steiner v. Steiner
(1993), 85 Ohio App.3d 513, 519, 620 N.E.2d 152. Thus, the definition of the class in the original complaint was superceded by the definition contained in the amended complaint.
 {¶ 43} As is stated above, appellants, in their original complaint, defined the purported class as:
 {¶ 44} "all consumers (as defined in R.C. Sec. 1345.71) to whom a Chrysler buyback lemon was or will be sold or leased in Ohio on or after August 1, 1995 under standardized disposal and resale practices and procedures inadequate to prevent resales or re-leases in violation ofR.C. Sec. 1345.76, as amended." (Emphasis added.) However, appellants, in their amended complaint, modified such definition to the following:
 {¶ 45} ". . . The class is composed of all consumers (as defined in R.C. Sec. 1345.71) to whom a Chrysler buyback lemon was or will be sold or leased in Ohio on or after August 1, 1995 under Chrysler's standardized disposal and resale practices and procedures at issue." Not only did appellants, in their amended complaint, drop the request to certify a subclass, but they also modified the proposed definition of a class to eliminate the "in violation of R.C. Sec. 1345.76, as amended" language. As noted by appellants in their brief, "the trial court therefore denied certification for reasons that had nothing to do with the class definition then actually before it." In short, the trial court failed to consider appellants' Motion to Certify in conjunction with the class definition contained in appellants' amended complaint.
 {¶ 46} However, in so holding, we note that the trial court's failure was the result of appellants' inadvertence. Specifically, appellants, when they filed their First Amended Complaint, never filed a new Motion for Class Certification containing the proposed class definition set forth in the same. The First Amended Complaint contains a prayer for certification of a different class, but no separate motion was filed. Had appellants filed a new Motion for Class Certification, the trial court clearly would have been put on notice that the First Amended Complaint contained a different class definition than contained in the original complaint. The trial court then would have been able to determine whether the class definition set forth in the First Amended Complaint met the requirements for certification.
 {¶ 47} Appellants' second assignment of error is, therefore, sustained.
 I, III {¶ 48} Appellants, in their first assignment of error, argue that the trial court erred by applying the wrong legal standard and failing to consider the actual proposed class definition contained in appellants' original complaint. According to appellants:
 {¶ 49} "The phrase `R.C. Sec. 1345.76, as amended' is not the equivalent of `R.C. Sec. 1345.76 as amended.' The latter phrase could be read to limit the object of the clause `in violation of' to the post-1999, amended version of the statute. However, the definitions alleged in the August, 6, 2001 complaint separated the words `as amended' from `R. C. Sec. 1345.76' with a comma. (See Complaint). The comma showed that only `R. C. Sec. 1345.76' was the intended object of the prepositional phrase `in violation of'. The post-comma modifier `as amended' was not used to specify a beginning date for class membership; the proposed definition expressly defined the class period as beginning on August 1, 1995."
 {¶ 50} In conjunction with their first assignment, appellants, in their third assignment of error, argue that the trial court abused its discretion when it denied their Motion for Class Certification "for asserted defects in a proposed class definition without first affording movants an opportunity to cure the pleading defect."
 {¶ 51} Based on our disposition of appellants' second assignment of error, appellants' first and third assignment of error are moot.
 {¶ 52} Accordingly, the judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings.
By Edwards, J.
Hoffman, P.J. and Farmer, J. concur
[1] Since the February 15, 2002 Judgment Entry contained the wrong case number, the trial court filed a Nunc Pro Tunc Judgment Entry correcting the same on February 21, 2002.