JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Regina D'Amore, appeals from a judgment of the Cuyahoga County Court of Common Pleas which granted the motion to dismiss of defendant-appellee, Ronald E. Matthews, and denied appellant's motion for leave to amend her complaint to add a fraudulent transfer claim. Because the trial court improperly denied appellant leave to amend the complaint, we reverse.
 {¶ 2} On December 11, 2007, appellant initiated this action against appellee, both in his individual capacity and as trustee of the J. Harvey Crow Trust under agreement dated December 13, 2003, alleging breach of contract and promissory estoppel. Appellant's complaint alleges that appellee is liable for the breach of a 1995 handwritten agreement between her and J. Harvey Crow, appellee's grandfather. Appellant asserts that she fully performed her obligations under the terms of the agreement, contributing years of work toward developing or marketing Crow's real estate ventures. According to appellant, Crow was to pay her at least $300,000 and a minimum of 15% of the profits from the real estate development projects, including one project involving approximately 90 acres of land Crow owned in Brecksville, Ohio.
 {¶ 3} The complaint alleges the following facts. On or about May 7, 1998, Crow formed a limited liability company known as Parkwood Place, Ltd. ("Parkwood Place"). Crow subsequently transferred the Brecksville property to *Page 4 
Parkwood Place. On December 13, 2003, Crow transferred his entire interest in Parkwood Place to the J. Harvey Crow Trust, naming appellee as trustee. On August 18, 2004, Crow died, leaving appellee as sole beneficiary of the trust.
 {¶ 4} In her complaint, appellant claimed she worked for years on Crow's real estate ventures in reliance on his promise that she would share in the profits. She alleged that Crow led her to believe that she was a member of Parkwood Place and, therefore, she believed she owned an interest in the Brecksville property. However, in the complaint, appellant acknowledged that appellee was granted a declaratory judgment from the Franklin County Court of Common Pleas which found that appellant had no rights or membership interest in Parkwood Place.
 {¶ 5} Appellant raises two assignments of error for review. Because our resolution of the second assignment is dispositive of the first, we will address the assignments out of order.
 {¶ 6} For her second assigned error, appellant asserts that the trial court erred in dismissing her complaint without first permitting her to amend it.
 {¶ 7} The record reflects that prior to filing an answer, appellee filed a motion to dismiss the entire complaint on February 8, 2008. On February 25, 2008, appellant filed both a brief in opposition to appellee's motion and a motion for leave to amend the complaint to add a claim for fraudulent transfer. Appellee filed a memorandum contra the motion for leave. On April 8, 2008, *Page 5 
without stating its reasons, the trial court denied appellant leave to amend the complaint, granted appellee's motion to dismiss, and dismissed the action with prejudice.
 {¶ 8} Civ. R. 15(A) governs amendments to complaints and states in pertinent part: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires."
 {¶ 9} "There is an absolute right to amend a pleading without leave of court at any time before a responsive pleading is filed." Steiner v.Steiner (1993), 85 Ohio App.3d 513, 519. Under the Rules of Civil Procedure, a motion to dismiss is not a responsive pleading, and plaintiff may amend the complaint as a matter of course even after a motion to dismiss has been filed. State ex rel. Hanson v. Guernsey Cty.Bd. of Commrs., 65 Ohio St.3d 545, 548, 1992-Ohio-73. Therefore, pursuant to Civ. R. 15(A), appellant could have amended her complaint as a matter of course after appellee filed his Civ. R. 12(B)(6) motion to dismiss. Instead of filing an amended complaint as a right, appellant sought *Page 6 
leave of court to file her amended complaint. Appellee argues that this procedural error is fatal to appellant's claim. We disagree.
 {¶ 10} Appellant asserts that she asked the court for leave to file the amended complaint as a courtesy. She argues that leave to amend a complaint should be freely granted and that the trial court should have permitted the amendment. In State ex rel. Hanson, supra, upon which appellant relies, the Ohio Supreme Court stated: "The standard of review for Civ. R. 12(B)(6) motions is also consistent with Civ. R. 15(A), which allows a pleader to rectify a poorly pleaded complaint. If a motion for failure to state a claim is sustained, leave to amend the pleading should be granted unless the court determines that allegations of other statements or facts consistent with the challenged pleading could not possibly cure the defect.'" Id. at 549 (citation omitted).
 {¶ 11} Additionally, "although the disposition of a motion for leave to amend a pleading is discretionary, the denial of leave to amend a complaint constitutes an abuse of discretion when a plaintiff may, by an amended complaint, set forth a claim upon which relief may be granted, when the motion for leave to amend was tendered in a timely manner and in good faith, and when no justification for denying leave is disclosed on or apparent from the record." Mills v. Deehr, Cuyahoga App. No. 82788, 2004-Ohio-2410, quoting Forney v. Cincinnati Reds, Inc. (Dec. 14, 1988), Hamilton App. No. C-880016, citing Peterson v. Teodosio (1973),34 Ohio St.2d 161, paragraph six of the syllabus. *Page 7 
 {¶ 12} The record discloses that appellant filed her motion for leave to amend on February 25, 2008. This was just two months after the original complaint was filed and before appellee filed a responsive pleading or the trial court scheduled the first pretrial. The trial court did not state its reason for denying leave but we find nothing apparent in the record to justify the denial.
 {¶ 13} As justification for denying leave, appellee argues that the fraudulent transfer claim would be barred by the applicable statute of limitations and is therefore not a valid claim. He argues that the transfer to the trust took place on December 13, 2003 and therefore appellant failed to assert her claim within the four-year statute of limitations for fraudulent transfers.
 {¶ 14} In order for a complaint to be dismissed under Civ. R. 12(B)(6) as being barred by the statute of limitations, it must be obvious from the face of the complaint that the action is time-barred.Steiner, supra, at 518-19. Appellant's amended complaint asserts a claim under R.C. 1336.04(A)(1). Fraudulent transfer claims under division (A)(1) of section 1336.04 must be brought within four years after the transfer was made or, within one year after the transfer was or reasonably could have been discovered by the claimant. R.C. 1336.09. In the amended complaint, appellant asserts that the December 13, 2003 transfer was concealed from her. Therefore, it is not apparent from the face of the amended complaint that the claim is barred by the statute of limitations. *Page 8 
 {¶ 15} More importantly, Civ. R. 15(C) provides that whenever the claim asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. In this case, the fraudulent transaction claim arises out of the conduct complained of in the original complaint and therefore relates back to the original pleading which was filed on December 11, 2007, within four years of the transfer.
 {¶ 16} For the reasons stated above, we find it was an abuse of discretion for the trial court to deny appellant leave to amend the complaint. Appellant's second assignment of error is sustained.
 {¶ 17} For her first assignment of error, appellant asserts that the trial court erred in granting appellee's Civ. R. 12(B)(6) motion to dismiss and dismissing her complaint with prejudice.
 {¶ 18} When reviewing a judgment on a Civ. R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, an appellate court's standard of review is de novo. Perrysburg Twp. v.Rossford, 103 Ohio St.3d 79, 2004-Ohio-4362, at _5. A Civ. R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs., supra, citingAssn. for the Defense of the Washington Loc. School Dist. v. Kiger
(1989), 42 Ohio St.3d 116, 117. Such a motion should be granted "only where the *Page 9 
allegations in the complaint show the court to a certainty that the plaintiff can prove no set of facts upon which he might recover."Slife v. Kundtz Properties (1974), 40 Ohio App.2d 179, 186.
 {¶ 19} An amended pleading substitutes for or replaces the original pleading. Steiner, supra, at 519, citing 4 Harper, Anderson's Ohio Civil Practice (1987) 528, Section 156.04. Appellant's amended complaint asserts claims for breach of contract, promissory estoppel and fraudulent transfer. Because appellee's motion to dismiss addressed only two of the three claims, it was error for the trial court to dismiss the entire action with prejudice. Accordingly, we sustain appellant's second assignment of error.
 {¶ 20} This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that appellant recover of appellee her costs herein taxed.
It is ordered that a special mandate be sent to said Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JUDGE COLLEEN CONWAY COONEY, A.J., and *Page 10 
SEAN C. GALLAGHER, J., CONCUR. *Page 1