STATLER, APPELLEE, *v.* INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL UNION 71 ET AL., APPELLANTS.

[Cite as Statler v. IBEW Local Union 71 (1977),
51 Ohio St. 2d 36.]

(Nos. 76-729 and 76-730—Decided July 6, 1977.)

38

*Messrs. Doggett & Wais, Mr. Robert I. Doggett, Messrs. Hostler & Shinaberry* and *Mr. Stanley M. Hostler,* for appellants.

O'NEILL, C. J.   The judgment of the Court of Appeals is reversed.

The controlling issue in this case may be stated thus: Is the appellee's claim preempted by the National Labor Relations Act?

Pursuant to Section 160(a), Title 29, U. S. Code, the National Labor Relations Board has exclusive jurisdiction to prevent any person from engaging in any unfair labor practice affecting commerce.  Under the provisions of Sections 8(a) and 8(b) of the National Labor Relations Act,

Section 158, Title 29, U. S. Code, certain acts by employers and unions, respectively, are made unfair labor practices. Section 8(a)(3) of the NLRA proscribes employer discrimination in regard to employment where such discrimination is based on union membership or the lack thereof. Thus, it is unlawful for an employer to discharge or otherwise discriminate against an individual because he is a member of the union. Likewise, it is unlawful for an employer to discriminate against an individual because he is not a member of a union. Section 8(b)(2) places similar constraints upon unions and makes it unlawful for a union to cause or attempt to cause an employer to discriminate against an individual in violation of Section 8(a)(3).

Since Congress has indicated an intent that the labor relations of the country be consistently enforced, the Supreme Court of the United States has set forth standards which limit the jurisdiction of both the federal and state courts in the field of labor relations. The standard is set forth in *San Diego Building Trades Council* v. *Garmon* (1959), 359 U. S. 236, 245, as follows:

"* * * When an activity is arguably subject to Section 7 or Section 8 of the [NLRA] Act, the states as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted."

However, in spite of the general rule of preemption of state regulation of conduct actually or arguably prohibited as an unfair labor practice, the Supreme Court has allowed two notable exceptions:[1]

---

[1] In addition to the judicially developed exceptions referred to, Congress itself has created exceptions to the Board's exclusive jurisdiction in other classes of cases. Section 303 of the Labor Management Relations Act, 1947, 61 Stat. 158, Section 187, Title 29, U. S. Code, authorizes anyone injured in his business or property by activity violative of Section 8(b)(4) of the NLRA, Section 158(b)(4), Title 29, U. S. Code, to recover damages in federal district court even though the underlying unfair labor practices are remediable by the Board. See *Teamsters Union* v. *Morton* (1964), 377 U. S. 252. Section 301 of that Act, 61 Stat.

"* * * where the activity regulated * * * [is] a merely peripheral concern of the Labor Management Relations Act * * * [o]r where the regulated conduct touche[s] interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, we could not infer that Congress had deprived the states of the power to act." *Garmon, supra,* at pages 243-244.

Examples of the latter involve acts of physical violence or concerted conduct imminently threatening violence. Although picket line violence, which intimidates employees, may violate Section 8(b)(1) of the NLRA, the states, through the exercise of traditional police powers, may quell such violence by injunction (*Youngdahl* v. *Rainfair, Inc.* [1957], 355 U. S. 131), or by holding the union liable for compensatory and punitive damages (*Automobile Workers* v. *Russell* [1958], 356 U. S. 634; *United Construction Workers* v. *Laburnum Construction Corp.* [1954], 347 U. S. 656). An example of arguably prohibited conduct which has been held to be a "peripheral concern" of the NLRA, and thus subject to state substantive law, is that of a union which expels a member in violation of the "contract" between the union and the member as embodied in the union constitution and by-laws. *International Assn. of Machinists* v. *Gonzales* (1958), 356 U. S. 617.[2]

---

156, Section 185, Title 29, U. S. Code, authorizes suits for breach of a collective-bargaining agreement even if the breach is an unfair labor practice within the Board's jurisdiction. See *Smith* v. *Evening News Assn.* (1962), 371 U. S. 195. Section 14 of the National Labor Relations Act, as amended by Title VII, Section 701(a) of the Labor Management Reporting and Disclosure Act of 1959, 73 Stat. 541, Section 164(c), Title 29, U. S. Code, permits state agencies and state courts to assert jurisdiction over "labor disputes over which the Board declines, pursuant to paragraph (1) of this subsection, to assert jurisdiction."

[2]The law is rather nebulous in this area, for an expulsion from membership may not only constitute a breach of contract, but may also have implications for the employee's job security and may thus fall within the reach of Section 8(a)(3) which bars employer discrimination in hire and tenure encouraging union membership and of Section 8(b)(2) which bars union inducement of such employer discrimination. The Supreme Court of the United States has drawn a most elusive line

Relying on *Gonzales, supra,* appellee contends the present action is not preempted by the NLRA. His claim, appellee insists, focuses not upon the discriminatory actions of the defendants and their alleged interference with his employment status, but rather upon their wrongful taking of appellee's union membership.

The appellee's contentions are before this court pursuant to Civ. R. 56(C). Consequently, the defendants in this action are entitled to summary judgment as a matter of law only if there is no genuine issue as to any material fact.

---

between employee claims against the union, the gist of which is wrongful expulsion and the prime requested relief is reinstatement to membership, and claims against the union, the gist of which is wrongful inducement of employer discrimination as to job security and the prime requested relief is reimbursement from the union for the loss of job rights. In the former class of case, state relief is held not to be preempted, since contract-based disputes relating to union membership are deemed of "peripheral concern" to the NLRB; in the latter class of case, NLRB jurisdiction under Sections 8(a)(3) and 8(b)(2) is deemed preemptive. Compare *International Assn. of Machinists* v. *Gonzales* (1958), 356 U. S. 617. (potential conflict with NLRB too remote when state court awards reinstatement of union membership, damages for mental and physical suffering resulting from expulsion—which NLRB could not do—and damages for loss of wages resulting from expulsion), with *Plumbers Union* v. *Borden* (1963), 373 U. S. 690, and *Iron Workers* v. *Perko* (1963), 373 U. S. 701 (in both cases, the gist of the action was interference with existing or prospective employment relations rather than internal union matters and there was absent a specific claim for restoration of membership to which an award of damages for loss of earnings could be subordinated).

The significance of the *Gonzales* holding was sharply curtailed by the Supreme Court in its synthesis of the earlier pertinent cases in *Motor Coach Employees* v. *Lockridge* (1971), 403 U. S. 274, which requires a court to characterize the "crux" of the case as relating either to internal union matters or to job discrimination. While this appears to put a premium on artful pleading, the tone of the *Lockridge* opinion is such that it will likely be understood effectively to bar state court actions against unions for wrongful expulsion when the expulsion has brought with it some significant impairment of employment status, or when the rights of the employee-member turn not exclusively upon the union's constitution or by-laws but also upon the terms of the collective bargaining agreement. Gorman, *Basic Test on Labor Law Unionization and Collective Bargaining,* 779-780 (1976).

In deciding that issue a court may examine the entire record, including, as in this case, the allegations of Statler's complaint, his deposition, an affidavit given by Statler to the NLRB, and the consequent actions taken by the Board.

Moreover, although appellee classifies his claim as one solely concerning his union's constitution and by-laws, such classifications are not determinative. As stated in *Motor Coach Employees* v. *Lockridge* (1971), 403 U. S. 274, at 292, preemption is "* * * designed to shield the system from conflicting regulation of *conduct*. It is the *conduct* being regulated, not the formal description of governing legal standards, that is the proper focus of concern." (Emphasis added.)

In considering the record, including Statler's own testimony, this court holds that appellee's claim is preempted by the NLRA. See *Garmon, supra*. Although *Gonzales, supra*, established an exception to the general rule of federal preemption, it was decided prior to the Supreme Court's adoption in *Garmon* of the current preemption test. The court's subsequent decision in *Lockridge, supra*, at page 295, made it clear that "the fullblown rationale of *Gonzales* could not survive the rule of *Garmon*." Moreover, in studying the record, the realities of the appellee's claim are apparent; the crux of his case is the defendants' alleged interference with existing or prospective employment relations rather than internal union matters. Although the appellee has attempted to draft his pleadings within the *Gonzales* rationale, the fact remains that the NLRB has heretofore twice considered the appellee's complaints alleging the illegality of the defendants' conduct in depriving appellee from his present and future employment. Such actions constitute persuasive evidence that appellee's claims are exclusively within the jurisdiction of the NLRB.

This court consequently holds that in an action by a suspended or expelled union member against his local and international unions, claiming reinstatement to good standing and monetary damages for the union's alleged interference with his present or prospective employment, the unions

are entitled to summary judgment under Civ. R. 56, when it appears from the pleadings, affidavits, depositions, and written admissions of record that the crux of his action involves the conduct of the union directly interfering with his employment. Such claimed union activity is arguably protected by Section 7, or arguably prohibited by Section 8, of the National Labor Relations Act, Sections 157 and 158, Title 29, U. S. Code, and is, therefore, preempted from private action in a state court and lies within the exclusive jurisdiction of the National Labor Relations Board.

*Judgment reversed.*

HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.