JOURNAL ENTRY AND OPINION
{¶ 1} Robert Muehrcke, M.D. ("Robert" or "appellant"), appeals from the judgment of the trial court granting the motion to show cause and for sanctions of Richard Koblentz ("Koblentz" or "appellee"), guardian of the estate of Susan Muehrcke. Robert also appeals the judgment of the trial court granting Koblentz's application for fees. For the reasons that follow, we affirm.
 {¶ 2} The record reflects that Robert was involved in a serious automobile accident in November 1996. Following a settlement with the tortfeasor's insurer, he filed claims against his insurer on behalf of his spouse, Laura, and their minor daughter, Susan. In June 2001, a jury awarded $9,377,252 to Robert, $1,000,000 to Laura, and $500,000 to Susan. Subsequently, Robert and Laura settled with the insurance company for $3,000,000. In addition, to resolve a claim of bad faith on the part of the insurer and a claim for prejudgment interest, the insurer agreed to pay $2,000,000 to Robert and Susan, and $50,000 to Susan.
 {¶ 3} Laura subsequently filed an application seeking to be appointed guardian of Susan's estate, and a separate application requesting approval to settle Susan's claim for $5,000. Her application was denied and the court appointed Koblentz as guardian of Susan's estate. This court affirmed the probate court's decision on appeal. See In reGuardianship of Susan Muehrcke, Cuyahoga App. No. 81353, 2003-Ohio-176.
 {¶ 4} Upon learning that prior to receiving the jury verdict and settlement described above, Robert and Laura had also settled with two other insurers for an additional $2.5 million, Koblentz filed an application to settle Susan's claim, requesting that the probate court allow him to conduct discovery to learn the total amount of settlement proceeds collected, attorneys' fees earned, and litigation costs expended, in order to determine the proper amount to be awarded to Susan's estate.
 {¶ 5} Although Koblentz made numerous verbal and written requests for the documentation to be produced prior to Robert's deposition, Robert and his counsel failed to respond or comply with Koblentz's requests. Koblentz subsequently filed a subpoena duces tecum with the probate court, commanding Robert to produce the requested documents on March 16, 2004. After appellant's counsel advised Koblentz that he (counsel) was unable to attend the deposition, Koblentz filed a motion to show cause and for sanctions.
 {¶ 6} At a hearing in April 2004, the court withheld ruling on the motion to show cause pursuant to a representation from appellant's counsel that the documents would be produced.
 {¶ 7} Appellant did not produce the documents, but eventually agreed that Koblentz could review documents held by his accountant, Shalek and Associates. Upon review, however, Koblentz determined that the accounting firm did not have many of the requested documents. In addition, the firm indicated that appellant retained control over many of the subpoenaed documents. Koblentz then renewed his demand that appellant comply with the renewed his demand that appellant comply with the subpoena, but appellant refused to do so.
 {¶ 8} Accordingly, on July 14, 2004, Koblentz filed a renewed motion to show cause and motion for sanctions. On July 29, 2004, the trial court entered an order granting the motion, finding appellant in contempt for failure to comply with the subpoena, and ordering him to pay $1,500 in sanctions. On the same date, the trial court also granted Koblentz's application for fees in the amount of $15,150.00, plus costs of $67.60.
 {¶ 9} Appellant now appeals from both orders.
 {¶ 10} As an initial matter, we note that appellant raises several errors which he did not raise in the trial court. Although not raised as an assignment of error, appellant argues that the trial court erred in finding him in contempt and ordering him to pay $1,500 in sanctions because a subpoena cannot be used to obtain documents from a party. See Civ.R. 30, 34, and 45(C). With respect to the fee application, appellant argues that Koblentz was delinquent in filing an account as required by R.C. 2109.30 and, therefore, was not entitled to any fees or compensation.
 {¶ 11} Appellant did not raise these arguments in the trial court, however. Our review of the record indicates that appellant never filed any objection to either the motion to show cause or the application for fees. It is well settled that an appellate court cannot consider an issue for the first time on appeal. Stores Realty Co. v. Cleveland (1975),51 Ohio St.2d 41; CCI Props. v. McQueen, Cuyahoga App. No. 82044, 2003-Ohio-3674, at ¶ 24. By failing to raise the issues in the trial court, appellant waived them failing to raise the issues in the trial court, appellant waived them for purposes of appeal and, therefore, we need not consider them. Id.
 {¶ 12} Appellant next contends that the trial court erred in granting the motion to show cause and the application for fees without a hearing. He asserts that the probate court was required to conduct an evidentiary hearing pursuant to R.C. 2705, et seq., regarding the motion to show cause, and a hearing to determine the reasonableness of the requested fees prior to ruling on the guardian's application for fees. See, e.g.,In re Estate of York (1999), 133 Ohio App.3d 234. He vigorously disputes appellee's assertion that the trial court held a hearing regarding both matters, albeit in chambers and without a court reporter, on July 22, 2004, and contends that the in-chambers proceeding was merely a pretrial proceeding, not an actual evidentiary hearing.
 {¶ 13} This court addressed the same issue in Wells v. SpiritFabricating Ltd. (1996), 113 Ohio App.3d 282, 288-289. In Wells,
 {¶ 14} the plaintiff argued that the trial court erred in granting the defendant's Civ.R. 60(B) motion for relief from judgment because the defendant had not presented sufficient evidence to support its motion. In considering this argument, we stated:
 {¶ 15} "Plaintiff contends that only an in-chambers conference was held on this date and there was no opportunity to present evidence. The appellant bears the burden of providing a transcript when it is necessary to the disposition of any question on appeal. Rose Chevrolet v. AdamsRose Chevrolet v. Adams (1988), 36 Ohio St.3d 17, 19. In the instant case, no transcript of the in-chambers hearing was available. The court in Steiner v. Steiner (1993), 85 Ohio App.3d 513, was confronted with a similar situation where the parties disputed whether a hearing or conference was conducted by the trial court. The court held that if no transcript is available, appellant must invoke the procedures of App.R. 9(C) or 9(E) to reconstruct what transpired at the proceeding and not having done so, therefore waived any error. Id. at 524. See, also, Kelmv. Kelm (1992), 73 Ohio App.3d 395, 400. (`Absence of a court reporter does not preclude there having been a hearing. * * * Defendant could have supplied a statement in lieu of a transcript to indicate that which did transpire on that date * * * pursuant to App.R. 9(C)'); Palmerv. Kaiser Foundation Health (1991), 64 Ohio App.3d 140, 142 (hearing was held in chambers, but not recorded; no App.R. 9(C) statement was presented; the court held that informal hearing is not improper when the evidentiary witnesses are the lawyers). `In the absence of all the relevant evidence introduced at the hearing * * *, a reviewing court must indulge the presumption of regularity of the proceedings and the validity of the judgment in the trial court.' Bates Springer, Inc. [v.Stallworth (1978), 56 Ohio App.2d 223, 229.] Therefore, we presume sufficient evidence of Spirit's meritorious defense was presented."
 {¶ 16} Likewise, in this case, it was appellant's duty to present us with an adequate transcript of the proceedings below. If, as alleged by appellant, no transcript of the proceedings on July 22, 2004 is available, July 22, 2004 is available, App.R. 9(C) provides an alternative means for completing the record. Appellant did not avail himself of this method, however.
 {¶ 17} "In the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision."Burrell v. Kassicieh (1998), 128 Ohio App.3d 226, 232. Therefore, on the record presented to us, without a transcript or an App.R. 9(C) or (D) statement, we must presume regularity in the trial court's proceedings and affirm the judgment of the trial.
 {¶ 18} Appellant argues that a transcript of a subsequent trial court proceeding reflects the trial judge's acknowledgment of error in the hearing that is at issue before this court. Appellant cannot argue error occurring at, or as a result of, a hearing where he has neither provided a transcript nor an App.R. 9(C) statement. A trial judge's "musings" at a later hearing about his previous rulings are insufficient for this court's review.
 {¶ 19} Finally, we note that the record does not support appellant's argument. The docket indicates that appellee's motion to renew the motion to show cause/motion for sanctions was "heard submitted" on July 22, 2004. It further indicates that Koblentz's motion to accelerate the hearing regarding his application for fees was "heard submitted" on July 22, 2004. Therefore, appellant's argument that the in-chambers proceeding argument that the in-chambers proceeding was not an evidentiary hearing is without merit and, accordingly, appellant's assignments of error are overruled.
Affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. Itis ordered that a special mandate issue out of this court directing the Common Pleas Court, Probate Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Corrigan, J., concur.