JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Eurado Spruce appeals his conviction after a jury trial in the Cuyahoga County Court of Common Pleas. We affirm in part, vacate in part, and remand for resentencing.
 {¶ 2} Spruce was charged in two separate cases. In the first case, he was charged with escape in violation of R.C. 2921.34, a felony of the second degree. In the second case, he was charged with fifteen counts of rape in violation of R.C. 2907.02; five counts of kidnapping in violation of R.C. 2905.01 with sexual motivation specifications; and one count of bribery in violation R.C. 2921.02. Each of the rape and kidnapping charges contained sexually violent predator specifications, repeat violent offender specifications, and notice of prior conviction specifications.
 {¶ 3} Prior to trial, Spruce's attorney moved to have the escape charge, as well as the sexually violent predator specifications, repeat violent offender specifications, and notice of prior conviction specifications, bifurcated. The trial court denied Spruce's motion as to the escape charge but bifurcated the remaining specifications. After the verdict, however, the court submitted the specifications to the jury in light of the United States Supreme Court's decision in Blakelyv. Washington (2004), 542 U.S. 296. Spruce did not object.
 {¶ 4} At trial, the victim testified that she went to her mother's house with her fifteen-month-old daughter around 11:30 p.m. on February 28, 2003 in her boyfriend's car. After she arrived, she, her mother, and her daughter went up to the corner store to buy Spruce some beer. Spruce was dating the victim's mother.[1] The victim drove her mother back home, and when she tried to pull out to leave, she had to stop because Spruce was standing behind her car.
 {¶ 5} Spruce went up to the driver's side door, opened it, brandished a knife, and pushed the victim over to the passenger seat. Spruce drove around for a while looking for a place to smoke his crack cocaine. Ultimately, they returned to the driveway of the victim's mother's house where he began to smoke his crack cocaine. The victim testified that after he smoked each rock of crack cocaine, he would fondle and kiss her. She testified that he touched her in her private area, her breasts, and her "butt." The victim testified that Spruce digitally penetrated her at least fifteen times while her baby was in the backseat screaming.
 {¶ 6} When Spruce was done smoking his crack cocaine, he took the victim's car keys and went inside telling the victim that her mother would be out to talk to her. When her mother did not come out, the victim went inside. She went into her mother's room, and Spruce followed her. Spruce smoked more crack cocaine and touched her again. The victim left the room and in the hallway ran into her mother, who asked what was wrong. The victim said she wanted to leave and started looking for her keys. She found them under the kitchen sink and left with her child.
 {¶ 7} The victim went to her boyfriend's house and banged on the window. One of his stepsisters let her in. The victim was shaking and crying and told her boyfriend's two stepsisters what happened. Then the victim went and woke her boyfriend and told him what happened. Her boyfriend retrieved the steak knife from his car and placed it in a plastic bag to turn over to police. The victim took a shower and threw out her clothing because she felt dirty.
 {¶ 8} The next morning, the victim's mother called and told the victim's boyfriend that Spruce's people would give her $500 if she did not go to the police. The victim refused to talk to her mother. Her mother then came over to talk to her, but the victim left the house and went roller-blading. While she was roller-blading, she saw Spruce on the street corner and got upset. She then went to the Lakewood Police Department.
 {¶ 9} The Lakewood police retrieved the clothing and knife and took pictures of the car. The victim was taken to the hospital, where a rape-kit was performed. Spruce's DNA was found on the victim's bra.
 {¶ 10} The detective contacted Spruce to set up an interview. After agreeing to meet with the detective, Spruce left Ohio and went to Miami Beach, Florida. There he was picked up on a misdemeanor charge but was released because he used an alias. Soon thereafter Sergeant DeFusco of the Miami Beach Police Department discovered Spruce's true identity and that he had a warrant out for his arrest in Ohio. Sergeant DeFusco found Spruce in the area where he was arrested on the previous day and placed him under arrest. Spruce stated, "All right, you got me. You can't blame me for running down to Miami. I knew if the motherf * * * ers caught me, I wouldn't be seeing the light of day. I had to try." At the police station, because he thought he was never getting out anyway, Spruce offered to kill an unruly prisoner. Spruce was on parole when he left Ohio.
 {¶ 11} Spruce was found guilty of escape, bribery, two counts of kidnapping and two counts of rape with the sexually violent predator specifications, repeat violent offender specifications, and notice of prior conviction specifications, and two counts of kidnapping with the sexual motivation specifications, sexually violent predator specifications, repeat violent offender specifications, and notice of prior conviction specifications. He was sentenced to a total of 93 years in prison.
 {¶ 12} Spruce appeals, advancing five assignments of error for our review. For the sake of convenience, we shall address the errors out of their predesignated order and combined when appropriate. The third and fourth assignments of error provide as follows:
 {¶ 13} "III. There was plain error and defects affecting substantial rights of the Defendant-appellant when the court failed to bifurcate the trials on the two criminal cases."
 {¶ 14} "IV. Defendant-appellant was denied the effective assistance of counsel when counsel failed to move the court to bifurcate the two cases."
 {¶ 15} Spruce argues that his attorney was ineffective because he did not move the court to sever the escape case, and that the trial court erred by not severing the escape case. Although the motion hearing was not part of the record, we glean from reading the entire transcript that Spruce's attorney did, in fact, move the court to sever the escape case, and the court denied his request. Thus, Spruce's fourth assignment of error lacks merit. We turn now to the issue of whether the trial court erred by not granting Spruce's motion to sever.
 {¶ 16} Pursuant to Crim.R. 8(A), joinder of multiple offenses is permitted when the charged offenses are "of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct." Crim.R. 14 provides that if it appears prejudice will result from joinder, the court shall order election or separate trials, grant severance, or other relief.
 {¶ 17} According to the Supreme Court of Ohio, joinder is to be liberally permitted. State v. Schaim (1992),65 Ohio St.3d 51, 59, 1992-Ohio-31. "The law favors joinder for public policy reasons, such as: to conserve judicial economy and prosecutorial time; to conserve public funds by avoiding duplication inherent in multiple trials; to diminish the inconvenience to public authorities and witnesses; to promptly bring to trial those accused of a crime; and to minimize the possibility of incongruous results that can occur in successive trials before different juries." Id.
 {¶ 18} Here, Spruce moved to have his escape case severed because in order to prove the escape charge, his previous criminal convictions for attempted murder, aggravated robbery, aggravated burglary, attempted kidnapping, and two counts of gross sexual imposition would be admissible. He argues that he was prejudiced because the jury heard testimony regarding his criminal record, the fact that he was on parole, and the fact that he was a sex offender.
 {¶ 19} To prevail on his claim that the trial court erred in denying his motion to sever, Spruce has the burden of demonstrating three facts. He must affirmatively demonstrate (1) that his rights were prejudiced, (2) that at the time of the motion to sever he provided the trial court with sufficient information so that it could weigh the considerations favoring joinder against Spruce's right to a fair trial, and (3) that given the information provided to the court, it abused its discretion in refusing to separate the charges for trial. SeeState v. Torres (1981), 66 Ohio St.2d 340, syllabus.
 {¶ 20} The Supreme Court of Ohio has stated that when determining whether the defendant suffered prejudice from joinder of multiple offenses, the court must determine whether evidence of the other crime would have been admissible even if severed, and if not, whether evidence of each is so simple and distinct that the jury could clearly segregate the evidence. Schaim,
supra.
 {¶ 21} The evidence of the escape charge in this case was simple and distinct from the rape, kidnapping, and bribery charges. Yet it was part of a course of criminal conduct. Spruce committed the crimes against the victim, then he tried to bribe her not to go to the police; when that did not work, he left town. We find that Spruce was not prejudiced by the joinder of the escape case. Further, in the absence of a complete record, we must presume the regularity of the trial court proceedings and conclude that the trial court did not abuse its discretion when it allowed the escape case to be tried with the rape, kidnapping, and bribery case. See In re Guardianship of Muehrcke, Cuyahoga App. Nos. 85087 and 85183, 2005-Ohio-2627. Accordingly, Spruce's third and fourth assignments of error are overruled.
 {¶ 22} Spruce's first and second assignments of error provide the following:
 {¶ 23} "I. The jury's verdict convicting Defendant-Appellant of Kidnapping, Rape and Bribery was against the sufficiency of the evidence."
 {¶ 24} "II. The jury's verdict convicting Defendant-Appellant of Kidnapping, Rape and Bribery was against the manifest weight of the evidence."
 {¶ 25} When an appellate court reviews a record upon a sufficiency challenge, "`the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Leonard, 104 Ohio St.3d 54, 67,2004-Ohio-6235, quoting State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 26} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Leonard, 104 Ohio St.3d at 68 (internal quotes and citations omitted).
 {¶ 27} Spruce argues that there was insufficient evidence to convict him of bribery and his conviction was against the manifest weight of the evidence. Spruce argues that there is no evidence that he talked to the victim or attempted to offer the victim money in exchange for her not going to the police.
 {¶ 28} The bribery statute, provides in relevant part: "(C) No person, with purpose to corrupt a witness or improperly to influence him with respect to his testimony in an official proceeding, either before or after he is subpoenaed or sworn, shall promise, offer, or give him or another person any valuable thing or valuable benefit." R.C. 2921.02. The complicity statute states the following: "No person, acting with the kind of culpability required for the commission of the offense, shall do any of the following: (1) Solicit or procure another to commit the offense; (2) Aid or abet another in committing the offense; [or] (3) Conspire with another to commit the offense * * *." R.C.2923.03(F). Complicity may be charged in terms of this section or in terms of the principal offense, bribery. Id.
 {¶ 29} Here, Spruce's co-defendant, also the victim's mother, called her daughter several times and told her that Spruce's people would give her $500 if she did not go to the police. Although the victim never talked to her mother or Spruce, the message was relayed through the victim's boyfriend. The victim's boyfriend testified that the victim's mother called several times and came over to his house to talk to the victim. When the victim's mother arrived at the boyfriend's house in Cleveland, the victim left to go roller-blading. While the victim was roller-blading, she saw Spruce on the corner. Finally, the victim's mother admitted to police that she offered the money to her daughter and advised her to take it.
 {¶ 30} We find that viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. Also, after viewing the record as whole, we find there was substantial evidence upon which the trier of fact could reasonably conclude that all the elements of bribery have been proved beyond a reasonable doubt. Thus, Spruce's conviction for bribery was not against the sufficiency or manifest weight of the evidence.
 {¶ 31} Spruce next argues that there is insufficient evidence of rape and kidnapping and his convictions for these offenses were against the manifest weight of the evidence. Spruce contends that there is no evidence that he was violent with the victim, compelled her to submit by force, or restrained her of her liberty. Spruce argues that there is no evidence that he threatened her. Further, there is no physical evidence to corroborate her story.
 {¶ 32} The kidnapping statute provides in relevant part as follows: "No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes: * * * (2) To facilitate the commission of any felony or flight thereafter; * * * (4) To engage in sexual activity, as defined in section 2907.01
of the Revised Code, with the victim against the victim's will * * *." R.C. 2905.01.
 {¶ 33} The rape statute states in pertinent part: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." R.C. 2907.02(A)(2). Force is defined as "any violence, compulsion, or constraint exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1). Threat has not been defined in the Revised Code; therefore, it is given its ordinary meaning and is defined as "an expression of intention to inflict evil, injury, or damage." Webster's Ninth New Collegiate Dictionary
(1990) 1228. "`Threat' includes a direct and indirect threat.'" 4 OJI 507.02 Section 12.
 {¶ 34} In this case, the victim testified that Spruce brandished a steak knife (threat) and pushed her to the passenger side of the car (force). He then drove around with her and her child in the car (kidnapping). Spruce removed the victim's clothing (force) and touched her private area, her breasts, and her "butt." Spruce digitally penetrated her numerous times (rape). The victim could not leave without leaving her child in the car with Spruce.
 {¶ 35} We find that viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of rape and kidnapping proved beyond a reasonable doubt. Also, after viewing the record as a whole, we find there was substantial evidence upon which the trier of fact could reasonably conclude that all the elements of rape and kidnapping have been proved beyond a reasonable doubt. Thus, Spruce's convictions for rape and kidnapping were not against the sufficiency or manifest weight of the evidence.
 {¶ 36} Spruce's first and second assignments of error are overruled.
 {¶ 37} "V. The sentence imposed by the trial court violated the Eighth Amendment to the United States Constitution and Article I, Section 9 of the Ohio Constitution."
 {¶ 38} We do not address Spruce's fifth assignment of error regarding the Eighth Amendment proportionality claim because we must vacate and remand the case for a new sentencing hearing in light of the recent decision of the Supreme Court of Ohio inState v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856. TheFoster court, following Blakely, held that the sections that required judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or by admission of the defendant are unconstitutional. The Foster
court concluded that a trial court has full discretion to impose a prison term within the statutory range and is no longer required to make findings or give its reasons for imposing maximum, consecutive, or more than the minimum sentences. Id.
 {¶ 39} In this case, Spruce was sentenced to the maximum of ten years on the repeat violent offender specification, to run prior to and consecutive with ten years on the base charge for both counts in which he was found guilty of kidnapping with the sexually violent predator specifications, repeat violent offender specifications, and notice of prior conviction specifications. He was sentenced to the maximum of ten years on both counts of which he was found guilty of rape with the sexually violent predator specifications, repeat violent offender specifications, and notice of prior conviction specifications. Spruce was sentenced to the maximum of ten years on both counts of which he was found guilty of kidnapping with the sexual motivation specifications, sexually violent predator specifications, repeat violent offender specifications, and notice of prior conviction specifications. Finally, he was sentenced to the maximum of five years on the bribery count. All counts were ordered to run consecutive to each other and consecutive with the escape case in which he received a maximum eight-year sentence. Spruce was sentenced to a total of 93 years in prison.
 {¶ 40} Spruce argues that his sentence was disproportionate to sentences imposed against similarly situated offenders. InFoster the court severed and excised the proportionality factfinding previously required under R.C. 2929.14(E)(4) to impose consecutive sentences. Foster, ___ Ohio St.3d ___,2006-Ohio-856. at ¶ 97. Now when exercising its sentencing discretion, the trial court "must carefully consider" R.C.2929.11, "which specifies the purposes of sentencing" and R.C.2929.12, "which provides guidance in considering factors relating to seriousness of the offense and recidivism of the offender." Id.; State v. Mathis, ___ Ohio St.3d ___, 2006-Ohio-855, ¶ 38. Nevertheless, the Eighth Amendment still allows appellate review based on proportionality.
 {¶ 41} Spruce is entitled to a new sentencing hearing because his original sentence is void in light of Foster. "Under R.C.2929.19 as it stands without (B)(2)[which was ruled unconstitutional and severed], the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties." Id., citing United States v.DiFrancesco (1980), 449 U.S. 117, 134-136, 101 S.Ct. 426,66 L.Ed.2d 328.
Judgment affirmed in part and vacated in part, and case remanded for resentencing.
This cause is affirmed in part, vacated in part and remanded to the lower court for further proceedings consistent with this opinion. It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze, Jr., P.J., and Michael J. Corrigan, J.,concur.
[1] The victim's mother was also charged and convicted of bribery and sentenced to three years in prison.