JOURNAL ENTRY AND OPINION
{¶ 1} Contingent beneficiary Mary Emma Brick appeals from the order of the probate court that determined that the trustee of J.M. Sage Reagor and Mary Sue Nuckoles Reagor ("Mr. and Mrs. Reagor") trusts had authority to make monthly distributions to the Reagor's daughter, Dezra Rose. For the reasons set forth below, we affirm.
 {¶ 2} The record indicates that in 1999, settlors Mr. and Mrs. Reagor, husband and wife, created inter vivos trusts which named each other as initial trustees and primary beneficiaries. Mr. Reagor died in 2000. Mrs. Reagor is therefore now the beneficiary of both trusts, and appellee Timothy Cosgrove is the successor trustee of both trusts. Under Mrs. Reagor's trust, the trustee is to provide for Mrs. Reagor in accordance with, inter alia, Article Four of the trust which indicates that the trustee shall provide "as much of the principal and net income of my trust as is necessary or advisable, in its sole and absolute discretion, for my health, support, maintenance, and general welfare."
 {¶ 3} Under Mr. Reagor's trust, the trust property was divided into two separate trusts at Mr. Reagor's death, the marital trust and the family trust. Mrs. Reagor is entitled to receive all of the net income from the marital trust and authorized to withdraw principal from this trust. She is also authorized to receive all of the net income from the family trust and further authorized the trustee to distribute as much of the principal of the trust to Mrs. Reagor as he deemed advisable.
 {¶ 4} Upon the death of Mrs. Reagor, the family trust will terminate and the remaining trust property is to be distributed to Mr. and Mrs. Reagor's daughter Dezra *Page 5 
Rose and granddaughter Lisa Ann Ledford, with Dezra Rose to receive a 60% share and Lisa Ann to receive a 40% share. In the event that Dezra Rose or Lisa Ann Ledford died before complete distribution of the trust, Appellant Mary Emma Brick, cousin of Mrs. Reagor, ("Appellant") was designated contingent beneficiary, per stirpes. The trust further permitted the trustee to loan money to any person including a beneficiary.
 {¶ 5} Mrs. Reagor was adjudicated incompetent in 2001. During a period of disability, the trustee is to "provide as much of the principal and net income as necessary and advisable, in its sole discretion, for [her] health, maintenance, care and support."
 {¶ 6} Successor trustee Timothy Cosgrove filed this declaratory judgment action to determine whether he may make monthly stipend payments of $2,500 to contingent trust beneficiary Dezra Rose. The trustee alleged that Dezra Rose is disabled and unemployable, and that the requested stipend is for her health, maintenance and support and is consistent with the settlors' past practices and gifting patterns. The trustee further alleged that approximately $1,200,000 remained in the trust, that it generated approximately $50,000 per year in income, that Mrs. Reagor required $6,000 per month for nursing care expenses, and that the stipend did not endanger the maintenance and support of Mrs. Reagor. The trustee sought a further declaration of whether such gifts would be considered advancements to Dezra Rose which would therefore be credited against her trust share. *Page 6 
 {¶ 7} Appellant filed a response to the complaint in which she indicated that "Dezra Moon Rose is the adopted daughter of [Mr. and Mrs. Reagor.]" Appellant asserted that she had previously been appointed health care power of attorney for Mrs. Reagor and that the trustee had previously agreed, in proceedings in Fairfax, Virginia, to include Mrs. Brick in decision-making. She maintained that the trust requires the trustee to "only pay those costs incurred as a result of the decisions reached by my Trustee and my Health Care Representative. My Trustee in its sole and absolute discretion is authorized to reimburse my Health Care representative for expenses incurred."
 {¶ 8} Appellant also indicated that she "agrees that this Honorable Court provide a monthly stipend to Dezra Moon Rose in an amount considered appropriate by this Honorable Court * * *."[1] She additionally requested that the court order the trustee to abide by the Fairfax, Virginia agreement and those portions of the trust requiring him to consult with and cooperate with the Health Care Representative.
 {¶ 9} A guardian ad litem was appointed to represent Mrs. Reagor and the matter proceeded to a hearing before a magistrate in March 2007. The magistrate noted that in 2002, Dezra Rose was appointed guardian of the person of Mrs. Reagor, over the objection of appellant. Dezra Rose subsequently moved in with Mrs. Reagor and began to receive $4,000 per month from the trust ($1,000 for *Page 7 
groceries and incidentals and $3,000 for care provider services). Dezra Rose was subsequently removed as guardian, and Timothy Cosgrove was appointed successor guardian of the person of Mrs. Reagor. He placed Mrs. Reagor in a custodial care facility but seeks to continue to pay Dezra Rose $2,500 per month because she is disabled and unemployable due to significant physical problems.
 {¶ 10} The magistrate further noted that the guardian ad litem for Mrs. Reagor indicated that the trust has a present value of $1,300,000 and that she will exhaust the trust in 16 years if the proposed distributions are permitted.
 {¶ 11} Although appellant had initially consented to Dezra Rose receiving some stipend, she later challenged Dezra Rose's expenditures and also raised the issue of whether she had alternative means of support. The magistrate noted that granddaughter Lisa Ann Ledford did not object to the stipend, however. The magistrate determined that the trusts could not be construed to permit the stipend to Dezra Rose, and also recommended that any such payments made after April 2006 be treated as advancements to her and therefore credited against her remainder interest in the trusts. Dezra Rose filed objections to the magistrate's decision, arguing that Mrs. Reagor had given Dezra Rose monthly sums in the past and had engaged in a pattern of substantial gift-giving, that sufficient funds would remain in the trust to provide care for Mrs. Reagor, and that the trust also provided for loans to beneficiaries, as the trustee "deems in the best interests of the trust beneficiaries."
 {¶ 12} The trial court held a hearing on the objections and ultimately sustained them. The trial court ordered that the trustee could give Dezra Rose the requested *Page 8 
monthly stipend and was vested with discretion as to whether he would later treat the payments as a stipend. The court concluded that the intent of the settlors was to have the trust administered for their family members who are defined in the instrument as Mrs. Reagor and Dezra Rose, and that the stipend is consistent with previous gifts and the previous monthly payments to her noted by the magistrate. The court indicated that it would revisit the issue of the stipend upon such time as Dezra Rose qualifies for social security benefits. Appellant challenges that determination and raises a total of nine errors for our review.
 {¶ 13} Appellant's first assignment of error states:
 {¶ 14} "The trial court erred by not providing Appellant notice, or any indication that it was conducting an evidentiary hearing on filed Objections to the Magistrate's Decision and on the original Complaint for Declaratory Judgment and Other Relief."
 {¶ 15} Under Civ. R. 53(D)(3)(b):
 {¶ 16} "Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification. A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate."
 {¶ 17} In this matter, the docket clearly indicates that on September 10, 2007, the trial court scheduled a hearing on the objections for September 14, 2007. Under Civ. R. 53(D)(3)(b), the court plainly had discretion to take additional evidence.
 {¶ 18} This assignment of error is without merit.
 {¶ 19} The second assignment of error states: *Page 9 
 {¶ 20} "The Trial Court erred, in its de novo review of the magistrate's Decision, by accepting background facts and statements made in settlement discussions in an in-chambers meeting with attorneys, who were not under oath or subject to cross-examination, as determined and proven [by] facts upon which he based his Judgment Entry."
 {¶ 21} As an initial matter, we note that the Amended Judgment Entry indicates that the trial court conducted a "de novo review of the evidence submitted in this matter and additional evidence [was] submitted without objection." Appellant has not provided us with a transcript of the hearing before the trial court. Accordingly, we have "no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199, 400 N.E.2d 384.
 {¶ 22} Moreover, the trial court based its decision upon the trust provisions (sections pertaining to disability, and section pertaining to loans) and the evidence discussed at length in the Magistrate's Decision (pattern of gifting, previous stipend to Dezra Rose, and trust assets and expenses). Accordingly, we find no reversible error and we conclude that the second assignment of error is without merit.
 {¶ 23} Appellant's third assignment of error states:
 {¶ 24} "The Court erred by accepting, as facts, allegations made in the Complaint for Declaratory Judgment and Other Relief that were unsubstantiated by the Plaintiff/Appellee in the Magistrate's hearings, such Plaintiff/Appellee not filing Objections, and by Dezra Moon Rose before the Magistrate even though she was *Page 10 
provided two hearings to do so and was specifically requested by the Magistrate to provide supporting evidence."
 {¶ 25} As noted previously, appellant has not provided us with a transcript of the hearing before the trial court. Accordingly, we cannot determine whether facts were unsubstantiated, and we have "no choice but to presume the validity of the lower court's proceedings, and affirm."Knapp v. Edwards Laboratories, supra. Moreover, the various trust provisions outlined above, as well as the undisputed pattern of gifting support the trial court's judgment. Accordingly, this assignment of error is without merit.
 {¶ 26} The fourth assignment of error states:
 {¶ 27} "The judge erred by meeting in private with attorneys and parties with regard to facts and circumstances of an ongoing proceeding assigned to him for judicial determination even if under the guise of settlement or mediation attempts."
 {¶ 28} The record in this matter indicates that the trial court held a hearing on the objections filed by Dezra Rose. The record does not support the contention that the trial court met "in private" with the parties. Moreover, this court has previously rejected this argument where, as in this case, no transcript or statement of the evidence has been provided, since we are bound to presume regularity in such instance. See In re Guardianship of Muehrcke, Cuyahoga App. No. 85087,2005-Ohio-2627.
 {¶ 29} This assignment of error is without merit.
 {¶ 30} The fifth assignment of error states: *Page 11 
 {¶ 31} "The Court erred by interpreting a subheading in the Table of Contents [of the Trusts] to show the Settlor's intent when specific trust provisions for the circumstances to come to a contrary conclusion."
 {¶ 32} Within this assignment of error, appellant complains that the trial court erred in relying upon a portion of the table of contents which indicates "Providing for Me and My Family During My Lifetime" and the trust heading "My Family," defined as Dezra Rose, in concluding that such provisions evince the settlors' intent to benefit Dezra Rose. Appellant correctly notes that, pursuant to Article Eighteen of the trust, "headings shall have no significance in the interpretation or construction of [the trust]." Nonetheless, we find that the remaining reasons set forth in the trial court's Amended Judgment Entry are sufficient to support the order rendered herein.
 {¶ 33} This assignment of error is without merit.
 {¶ 34} The sixth assignment of error states:
 {¶ 35} "The Court erred by considering a trust provision authorizing the Successor Trustee to make loans, even loans to beneficiaries, as authority to make payments without any intention of repayment to a beneficiary for her health, maintenance, and support."
 {¶ 36} The trusts clearly provide that the trustee has general administrative authority to make loans to beneficiaries, as the trustee "deems in the best interests of the trust beneficiaries." Because the trial court determined that the stipend payments could be treated as advancements against Dezra Rose's ultimate distribution, the loan provision provides support for the trial court's conclusion. *Page 12 
 {¶ 37} This assignment of error is without merit.
 {¶ 38} The seventh assignment of error states:
 {¶ 39} "The Court is in error in its interpretation of the Trust documents that a four corners review of the Trust documents establishes that the Settlor's intent is to authorize the Successor Trustee to make periodic payments to Dezra Moon Rose during the lifetime of either Settlor."
 {¶ 40} Within this assignment of error, appellant correctly notes that the trust does not create a "common trust" for all beneficiaries. Nonetheless, as outlined in both the Magistrate's Decision and the Amended Judgment, the amount of the stipend is completely consistent with that pattern of gifting. Absent a transcript of the evidence, we cannot say that the trial court's judgment is erroneous.
 {¶ 41} This assignment of error is overruled.
 {¶ 42} For her first supplemental assignment of error, appellant asserts:
 {¶ 43} "The lower court erred in finding Appellant's counterclaim improper."
 {¶ 44} Within her counterclaim, appellant asserted that because she was granted a healthcare power of attorney for Mrs. Reagor in Virginia, and because the trust requires the trustee to consult with the "Health Care Representative" regarding the costs of health care, she must be consulted regarding expenditures which could ultimately affect the funds available for Mrs. Reagor's health care.
 {¶ 45} We cannot accept this characterization of the trust language, as the trustee is directed to consult with the health care representative as to payment of "all *Page 13 
costs of my health care." This passage in no way limits the other powers given to the trustee.
 {¶ 46} This claim lacks merit.
 {¶ 47} The second supplemental assignment of error states:
 {¶ 48} "The lower court erred by not enforcing agreements by Plaintiff/Appellee with Defendant/Appellant regarding trust administration."
 {¶ 49} Appellant next claims that the trial court erred by not requiring the trustee to abide by an agreement entered in 2001 in the Fairfax, Virginia court following the trustee's motion to dismiss that action for lack of jurisdiction. The record indicates that in 2004, the probate court of this county adjudicated Mrs. Reagor incompetent and the trustee subsequently placed her in a custodial care facility. It is therefore doubtful that the Virginia agreement remains valid. In any event, there is no indication that appellant complied with the authentication requirement of the Uniform Enforcement of Foreign Judgments Act as set forth in R.C. 2329.022.
 {¶ 50} This assignment of error is without merit.
Affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 14 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY CHRISTINE T. McMONAGLE, P.J., CONCURS IN JUDGMENT ONLY.
[1] Brick later disputed the trustee's claim for a stipend, challenged the amount of Dezra Rose's expenditures and questioned whether she may have alternative means of support. *Page 1