[Cite as *Cleveland v. Anderson*, 2013-Ohio-4710.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99688**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## BARBARA ANDERSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Housing Court
Case No. 2012 CRB 018789

**BEFORE:** Celebrezze, P.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** October 24, 2013

**FOR APPELLANT**

Barbara Anderson, pro se
3802 Bosworth Road
Cleveland, Ohio   44111


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Law Director
Katherine S. Zvomuya
Assistant Director of Law
City of Cleveland
Department of Law
601 Lakeside Avenue
Room 106
Cleveland, Ohio   44114-1077

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Defendant-appellant, Barbara Anderson, appeals the judgment of the Cleveland Municipal Housing Court finding her to be in violation of numerous Cleveland Codified Ordinances. After a careful review of the record and case law, we affirm the judgment of the lower court.

## I. Factual and Procedural History

{¶2} Appellant owns the property located at 3802 Bosworth Road, Cleveland, Ohio. On January 11, 2012, Cleveland building inspector Rhonda Derrett inspected the property and found that appellant had excavated a swale along the property line dividing the subject property from the adjacent property. The inspector found that the excavation was unsupported and was compromising the neighbor's fence. On January 12, 2012, the Department of Building and Housing issued violation notice V12001419. The violation notice was appealed to the Board of Building Standards. On February 15, 2012, the Board of Building Standards denied the appeal and remanded the matter to the Department of Building and Housing for further action. Appellant did not appeal the decision of the Board of Building Standards.

{¶3} On May 29, 2012, the city of Cleveland filed a complaint against appellant in the Cleveland Municipal Housing Court. The complaint charged appellant with failing to comply with the order of the Director of Building and Housing in violation of Cleveland Codified Ordinances ("CCO") 3103.25(e); failure to comply with a stop-work order in violation of CCO 3103.07(a); failure to obtain a permit for a retaining wall and

excavation in violation of CCO 3105.01(a); failure to keep approved plans at the work site in violation of CCO 3105.05; work not in accordance with stamped plans in violation of CCO 3105.04(a)(2); failure of person causing excavations to prevent movement of earth of adjoining properties in violation of CCO 3125.01(a)(1); failure to protect permanent excavations by permanent means where necessary to prevent the movement of the earth of adjoining properties in violation of CCO 3125.01(b)(1); and failure to provide positive drainage on excavation so as to prevent a nuisance from being created in violation of CCO 3125.01(d)(1).

{¶4} Having given appellant until February 11, 2012, to comply with the listed violations, the city charged appellant with 102 days of non-compliance, running until the city's reinspection of the property on May 24, 2012. Under CCO 3103.99(a), each day out of compliance constituted a separate offense.

{¶5} On January 29, 2013, the matter proceeded to a bench trial. On February 26, 2013, the Cleveland Municipal Housing Court issued a judgment entry and opinion. In its opinion, the trial court found that the city, by testimony and documentary evidence, demonstrated beyond a reasonable doubt, that

> (1) the defendant was the owner of the property during at least the period from January 11, 2012 through May 24, 2012,
>
> (2) the property was inspected on January 11, 2012,
>
> (3) as of that date, the city's inspector observe a swale had been excavated along the property line dividing the subject property from the adjacent property,
>
> (4) the swale excavation was unsupported,

(5) the edges of the swale were eroding such that the fence posts on the adjacent property had become exposed and earth from the adjacent property was falling into the swale,

(6) no permits had been pulled for excavation or a retaining wall,

(7) the violation notice was sent to defendant and delivery was confirmed,

(8) the property was reinspected on May 24, 2012,

(9) as of that date, the swale had not been filled in,

(10) the edges of the swale had continued to erode,

(11) no permits had been pulled,

(12) no retaining wall had been constructed, and

(13) the violations had not been corrected.

{¶6} On application of these findings of fact to the charges brought against appellant, the trial court reached the following conclusions:

(1) appellant was (a) the responsible party, (b) was ordered to correct a violation, (c) was given notice, and (d) failed to correct said violations as of reinspection on May 24, 2012, a period of 102 days;

(2) appellant was responsible for the excavation of the swale and failed to prevent movement of the earth of adjoining properties in violation of CCO 3125.01(A)(1);

(3) that the swale excavation was permanent and was not protected by permanent means as necessary to prevent the movement of the earth of adjoining properties in violation of CCO 3125.01(B)(1); and

(4) appellant failed to provide positive drainage of the swale excavation and in doing so created the nuisance conditions of standing water and ongoing erosion in violation of CCO 3125.01(D)(1).

{¶7} The trial court determined that the city failed to meet its burden on the remaining charges. Having found appellant guilty on four charges over a period of 102 days each, the trial court sentenced appellant to a term of two years community control. As part of the community control sentence, appellant was required to pay a fine of $5,000, with 10 percent due on March 26, 2013, and the remainder suspended, pending code compliance.

{¶8} Appellant now brings this timely appeal, pro se, raising one assignment of error for review:

> I. Barbara Andersen was denied due process by the Court's failure to dispatch an expert/engineer to perform a Uniform Assessment or recognize the parcel in its entirety as prescribed by ORC 1515.01(H)(1) and Ohio's "Uniformity Clause" Art. 2, Sec. 26. As a result, the Court placed undue weight on the City's inspections and testimony and failed to evoke the "Reasonable Use Rule," thus violating the appellant's property rights in not allowing reasonable use of easement in its entirety and the privilege of CCO 3125.01(d)(1) positive drainage OAC 1804.3 Site Grading and rights of "Easement."

## II. Law and Analysis

{¶9} In her sole assignment of error, appellant argues that the trial court denied her due process by failing to dispatch an expert engineer to perform a uniform assessment or recognize the parcel in its entirety, as prescribed by R.C. 1515.01(H)(1) and Ohio's Uniformity Clause. Appellant further asserts that "the trial court placed undue weight on the city's inspections and testimony and failed to invoke the 'Reasonable Use Rule.'"

{¶10} Initially, we note that, to the extent appellant challenges the sufficiency or weight of the evidence supporting the trial court's decision, she has failed to include the

trial transcript for our review and, in its absence, we presume the regularity of the proceeding below. *In re Guardianship of Muehrcke,* 8th Dist. Cuyahoga Nos. 85087 and 85183, 2005-Ohio-2627.

{¶11} With respect to appellant's contention that the trial court erred in failing to order a uniform assessment, as defined under R.C. 1515.01(H)(1), of the subject property and its adjacent lots, we note that Chapter 1515 relates to the powers and responsibilities of Ohio's Soil and Water Conservation Commissions, and therefore is inapplicable to the instant matter. Under the circumstances presented in this case, the trial court had no obligation to order a uniform assessment of the relevant properties.

{¶12} Furthermore, to the extent appellant argues that the excavation of the swale was necessary to remedy the improper drainage of her neighbor's property, we note that this court has not been presented with any evidence to support such an allegation, nor was the neighboring property an issue before the trial court. Moreover, the condition of the neighboring property did not negate appellant's own duty to comply with the relevant provisions of the Cleveland Codified Ordinances.

{¶13} Accordingly, without addressing the reasonableness of appellant's conduct, we find no merit to appellant's contention that the "Reasonable Use Rule," as developed in *McGlashan v. Spade Rockledge Terrace Condo Dev. Corp*., 62 Ohio St.2d 55, 402 N.E.2d 1196 (1980), should render her conduct harmless. In our view, the doctrine is not intended to be used as a defense to criminal charges, and appellant has presented this court with no case law to hold otherwise.

**{¶14}** Finally, we find no merit to appellant's argument relating to her belief that she was entitled to excavate the swale based on an alleged right to an easement on the neighboring property. Appellant has presented no evidence establishing the existence of an easement, and there is no documentation in the record to support the existence of such a property right.

**{¶15}** Based on the foregoing, appellant's sole assignment of error is overruled.

**{¶16}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Housing Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KENNETH A. ROCCO, J., CONCUR